YVONNE WOODS, Special Adm'r of the Estate of Eric Woods, Deceased, Plaintiff-Appellee, v. TODD COLE, Defendant and Third-Party Plaintiff-Appellant (Larry Carrera *et al.*, Third-Party Defendants).

Fourth District   No. 4—96—0345

Argued September 24, 1996.—Opinion filed December 6, 1996.—Rehearing denied February 7, 1997.

COOK, J., dissenting.

Barbara A. Fritsche and Forrest G. Keaton (argued), both of Rammelkamp, Bradney, Dahman, Kuster, Keaton, & Fritsche, of Jacksonville, for appellant.

Bruce N. Cook (argued), of Cook, Shevlin, Ysursa, Bauer & Bartholomew, Ltd., of Belleville, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:
■ In an interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), this court is asked to determine whether section 2—1117 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1117 (West 1992)) is applicable in negligence actions where several tortfeasors acted "in concert" to cause a single, indivisible harm. The question certified by the trial court is:

"Whether the provisions of 735 ILCS 5/2—1117 [(West 1992)] are applicable to a person found liable in negligence for the bodily injury or death of another where the liability of the person found liable is based on that person having been found to be 'acting in concert' under Restatement (Second) of Torts, § 876[.]"

If applicable, those tortfeasors found less than 25% at fault for a plaintiff's injuries are only severally, and not jointly, liable for the plaintiff's nonmedical damages. Section 2—1117 of the Code, in relevant part, provides:

"Except as provided in Section 2—1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, *** all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant who could have been sued by the plaintiff, shall be severally liable for all other damages." 735 ILCS 5/2—1117 (West 1992).

Plaintiff Yvonne Woods, as special administrator of the estate of her deceased son, Eric Woods, brought a wrongful death action against defendant Todd Cole. The complaint alleged that defendant negligently entrusted a firearm to Jason Hill, who was under the influence of alcohol, defendant induced Hill to discharge the firearm toward decedent, causing decedent's death, and defendant acted in concert with Hill in pointing and discharging a firearm at decedent.

A fuller account of the shooting is contained in *People v. Cole*,

253 Ill. App. 3d 603, 625 N.E.2d 816 (1993), in which this court upheld defendant's convictions for involuntary manslaughter and concealing a homicidal death. The evidence at the criminal trial established that defendant, Hill, Laurencio Carrera, and decedent planned to go shooting at a farm belonging to defendant's grandfather. When decedent fell asleep during the drive to the farm, defendant hatched a plan to scare him. At the farm, the group woke decedent as planned by simultaneously firing their weapons into the ground. Defendant and Carrera then pointed their weapons at decedent, said "it's time to die," and pulled their triggers on an empty chamber, producing a click. Hill then pulled the trigger of his revolver and it discharged, killing decedent. See *Cole*, 253 Ill. App. 3d at 605-08, 625 N.E.2d at 818-20.

Prior to trial in this matter, defendant filed a claim for apportionment pursuant to section 2—1117 of the Code. Plaintiff objected to any apportionment of fault, contending that defendant, Hill, and Carrera were "persons acting in concert" as defined by section 876 of the Restatement (Second) of Torts (Restatement (Second) of Torts § 876 (1979)) (hereinafter Restatement), thereby eliminating the exception to joint and several liability provided for in section 2—1117 of the Code. While agreeing with plaintiff, the trial court noted that there was no case law on point and a determination of the law would help the parties in negotiation and in presenting their case to the jury. The trial court then certified the foregoing question for appeal.

■ Section 876 of the Restatement applies to "Persons Acting in Concert" and provides:

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

(a) does a tortious act in concert with the other or pursuant to a common design with him, or

(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person." Restatement (Second) of Torts § 876, at 315 (1979).

■ Section 876 of the Restatement has been applied in some Illinois cases, but no case discusses its relationship with section 2—1117 of the Code. See, *e.g.*, *Sanke v. Bechina*, 216 Ill. App. 3d 962, 576 N.E.2d 1212 (1991) (plaintiff stated a cause of action against a passenger in a car under a concert-of-action theory, where the passenger encouraged the driver's reckless operation of the vehicle).

Under the provisions of section 876 of the Restatement, persons are acting in concert if (1) a tortious act is performed in concert or pursuant to a common design, (2) an act known to be tortious is encouraged or substantially assisted, or (3) substantial assistance is rendered to accomplish a tortious result if such assistance itself constitutes a breach of duty. In our view, each of these scenarios depicts a single and indivisible course of tortious conduct for which each is an equal participant and equally liable. The conduct of one actor cannot be compared to the conduct of another for purposes of apportioning liability because each agreed to cooperate in the tortious conduct or tortious result and each is liable for the entirety of the damages as if there were but one actor.

This conclusion is supported by several cases which have noted a distinction between concert of action and concurrent or successive action amongst joint tortfeasors. See *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill. 2d 429, 438, 593 N.E.2d 522, 526 (1992) (defendants who share neither common purpose or duty nor act in concert, but nevertheless act concurrently to produce an indivisible injury, are held to be joint tortfeasors); *Pyskaty v. Oyama*, 266 Ill. App. 3d 801, 812, 641 N.E.2d 552, 561 (1994).

Plaintiff here has alleged facts supporting a cause of action under section 876 of the Restatement, although it remains for the trial court to determine as a question of fact whether defendant was acting in concert, rather than merely acting concurrently with other tortfeasors so as to come within the exception provided by section 2—1117 of the Code.

Certified question answered; cause remanded.

KNECHT, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent and would answer the certified question in the affirmative.

The question in this case is not whether persons acting in concert are subject to joint and several liability at common law. They clearly are. Section 2—1117 of the Code abrogates the common law rule in part. The question is whether there is any reason to refuse to apply section 2—1117 to persons acting in concert. Section 2—1117 does not itself make any exception for persons acting in concert, and the majority's engrafting of such an exception will effectively destroy the section in a large number of cases.

Section 2—1117 of the Code does make an exception for inten-

tional torts. Section 2—1117 applies only to negligence and strict liability actions. An example of a situation where defendants are acting in concert but section 2—1117 might permit joint and several liability is this: A and B agree to enter a house and commit robbery; while doing so, A takes a television set and B strikes the homeowner with a club; A and B are each liable for the entire damages, and A is liable for the bodily injuries even though A's fault is less than 25% of the total fault. The example is taken from illustration 1 of section 876 of the Restatement. Restatement (Second) of Torts § 876, illustration 1, at 316 (1979). A is liable for the entire amount of damages, not because A and B were acting in concert, but because an intentional tort was involved, and section 2—1117 does not apply to intentional torts.

An example of a situation where defendants are acting in concert but section 2—1117 would prevent joint and several liability is this: A and B are hunting together; they both shoot across a road at a deer, which is negligent conduct toward persons on the road; A's bullet hits the deer, but B's bullet strikes a traveler on the road; A and B would each be liable for the entire damages at common law, but under section 2—1117 A would be only "severally liable," if A's fault were less than 25% of the total fault. 735 ILCS 5/2—1117 (West 1992). The example is taken from illustration 6 of section 876 of the Restatement. Restatement (Second) of Torts § 876, illustration 6, at 318 (1979).

The distinction between negligence and intentional conduct is that with intentional conduct there is " 'a desire to cause consequences or at least [a] substantially certain belief that the consequences will result.' " *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 272, 641 N.E.2d 402, 405 (1994), quoting 1 M. Polelle & B. Ottley, Illinois Tort Law § 1.01, at 1—3 n.8 (2d ed. 1993). Only negligence is alleged in the present case. It is not alleged that any of the defendants intended to kill Eric Woods. Therefore, if we follow section 2—1117 of the Code, and defendant Cole is able to show that his fault is less than 25% of the total fault, then defendant Cole is only severally liable.

The majority says that all the scenarios under section 876 of the Restatement "depict[ ] a single and indivisible course of tortious conduct for which each is an equal participant and equally liable." 285 Ill. App. 3d at 724. I disagree. In the illustration of the hunters, for example, the conduct is divisible: one hunter shot the deer and the other hunter shot the traveler. No reason appears why the hunters must be viewed as equal participants and equally liable. In fact, the same is true of illustration 1, where one of the burglars took the

television and the other struck the homeowner. The conduct of the burglars is certainly divisible, if it were the policy of the law to do so.

Perhaps the majority is referring to single and indivisible *harm*, a phrase often used in connection with joint and several liability. Most, if not all, instances of joint and several liability involve a "single and indivisible harm to the injured party." Restatement (Second) of Torts § 875, at 314 (1979). Section 2—1117 of the Code is clearly intended to apply to cases of joint and several liability, even where there is a single and indivisible harm. How this is accomplished is made clear by the March 9, 1995, revision of section 2—1117:

> "[A] defendant is severally liable only and is liable only for that proportion of recoverable economic and non-economic damages, if any, that the amount of that defendant's fault, if any, bears to the aggregate amount of fault of all other tortfeasors." Pub. Act 89—7, § 15, eff. March 9, 1995 (1995 Ill. Laws 284, 299); 735 ILCS 5/2—1117 (West Supp. 1995).

The majority says that because each agreed to cooperate "in the tortious conduct or tortious result" (285 Ill. App. 3d at 724) each is liable for the entirety of the damages as if there was but one actor. The majority may have in mind *Bristow v. Griffitts Construction Co.*, 140 Ill. App. 3d 191, 488 N.E.2d 332 (1986), where we indicated that the liability of a master and servant is deemed that of one tortfeasor. In the master-servant situation the master does not commit any tortious act. The master is not a wrongdoer but is held liable as a matter of public policy. Although the servant is required to indemnify the master, there is no way to compare the conduct of the servant with the conduct of the master, because the master did not engage in any conduct, did not commit any tortious act.

The liability of persons acting in concert under section 876(a) of the Restatement is very much different from vicarious liability. For there to be liability under the Restatement, the defendant must commit "a tortious act in concert with the other." Restatement (Second) of Torts § 876(a), at 315 (1979). Because liability under the Restatement requires tortious conduct on the part of both the actor and the person acting in concert, the conduct of the two may be compared, and one may be found to be greater than the other. That is not true of vicarious liability.

Joint and several liability is a harsh rule. See *Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill. 2d 1, 12-13, 374 N.E.2d 437, 442 (1977). The legislature has attempted to ameliorate some parts of that harsh rule by its enactment of section 2—1117 of the Code. Perhaps the aspect of "agreement" distinguishes acting in

concert from other situations where joint and several liability is imposed, such as where unrelated consecutive acts result in a single and indivisible harm. Restatement (Second) of Torts § 879, at 324 (1979). Perhaps those who engage in some types of agreement are not deserving of the protection of section 2—1117. That, however, is a question for the legislature, not for this court. The legislature has not provided any exception to section 2—1117 for those acting in concert and neither should we.