Docket No. 82895–Agenda 30–September 1997.

YVONNE WOODS, Special Adm'r of the Estate of Eric Woods, Deceased, Appellee, v. TODD COLE, Appellant.

Opinion filed March 19, 1998.

JUSTICE McMORROW delivered the opinion of the court:

Section 2–1117 of the Code of Civil Procedure (735 ILCS 5/2–1117 (West 1992)) provides that in negligence and strict product liability actions which result in death, bodily injury or damage to property, any defendant whose fault is determined to be less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any other third-party defendant who could have been sued by the plaintiff shall be severally liable for any nonmedical damages. If a defendant's fault is determined to be 25% or more, then the defendant shall be jointly and severally liable for any nonmedical damages.
(footnote: 1) The sole issue presented in this appeal is whether section 2–1117 is applicable in negligence actions where several tortfeasors act “in concert” to cause a single, indivisible harm. For the following reasons, we conclude that it is not.

Background

The plaintiff, Yvonne Woods, as special administrator of the estate of the decedent, Eric Woods, brought a wrongful death action in the circuit court of Morgan County against the defendant, Todd Cole. As ultimately amended, plaintiff's complaint alleged that defendant had negligently entrusted a firearm to Jason Hill, who was under the influence of alcohol; that defendant had negligently loaded the weapon used by Hill in such a manner that Hill would think the weapon was empty when pointed at decedent; that defendant had induced Hill to discharge the firearm toward decedent, causing decedent's death; and that defendant had acted in concert with Hill in pointing and discharging the firearm at decedent.

Plaintiff's wrongful death action was based upon events which had previously led to defendant's criminal convictions of involuntary manslaughter and the concealment of a homicidal death. See 
People v. Cole
, 253 Ill. App. 3d 603 (1993). Evidence presented at the criminal trial established that on the night of May 8, 1992, defendant, decedent, and their two friends, Hill and Laurenzio Carrera, decided to go shooting at a farm belonging to defendant's grandfather. The group drove to the farm in defendant's pickup truck. During the drive to the farm, decedent fell asleep.

Hill testified at the criminal trial that defendant conceived of a plan to frighten decedent. According to Hill, the plan was for defendant, Carrera and Hill to prepare the guns which they had with them so that they would fire only one shell or bullet. The group would waken decedent by simultaneously firing the single shot in their weapons into the ground. The group would then point their weapons at decedent and click the triggers on an empty chamber or cylinder.

Hill testified that when they got to the farm, defendant's plan was carried out. The pickup truck was driven inside a barn. Defendant, Carrera and Hill got out of the truck, leaving decedent asleep on the front seat. The group fired their weapons into the ground near the truck, awakening decedent. Defendant and Carrera then pointed their guns at decedent, said “it's time to die,” and pulled the triggers, producing a click. However, when Hill pulled the trigger on his weapon, the gun discharged, killing decedent. 
Cole
, 253 Ill. App. 3d at 605-08.

Before trial in the instant matter, defendant filed a counterclaim in which he asserted that if he were found liable for plaintiff's death, he would have the right under section 2–1117 of the Code of Civil Procedure (735 ILCS 5/2–1117 (West 1992)) to have his liability apportioned relative to the liability of Hill and Carrera. Plaintiff objected to the counterclaim. Plaintiff maintained that defendant, Hill and Carrera were “persons acting in concert” under section 876 of the Restatement (Second) of Torts (1979), that the liability for decedent's death could not be apportioned among them, and, therefore, that section 2–1117 was inapplicable. The trial court agreed with plaintiff but certified the following question for interlocutory appeal, pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

“Whether the provisions of 735 ILCS 5/2–1117 are applicable to a person found liable in negligence for the bodily injury or death of another where the liability of the person found liable is based on that person having been found to be `acting in concert' under Restatement (Second) of Torts, §876.”

The appellate court, with one justice dissenting, concluded that section 2–1117 could not be applied under the facts of this case. 285 Ill. App. 3d 721. The appellate court reasoned that the conduct of tortfeasors who act in concert cannot be compared for purposes of apportioning liability under section 2–1117 because each tortfeasor “agreed to cooperate in the tortious conduct or tortious result and each is liable for the entirety of the damages as if there were but one actor.” 285 Ill. App. 3d at 724. We granted defendant's petition for leave to appeal. 166 Ill. 2d R. 315.

Analysis

The question presented in this appeal is one of law. Accordingly, our review is 
de novo
. 
Lucas v. Lakin
, 175 Ill. 2d 166, 171 (1997).

Section 2–1117 provides in full:

“Except as provided in Section 2–1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant who could have been sued by the plaintiff, shall be severally liable for all other damages. Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendants who could have been sued by the plaintiff, shall be jointly and severally liable for all other damages.” 735 ILCS 5/2–1117 (West 1992).

Section 2–1118 excludes two types of actions, those involving environmental pollution and those alleging medical malpractice, from the precepts of section 2–1117. A defendant who is liable in either of these two types of actions is held jointly and severally liable. 735 ILCS 5/2–1118 (West 1992).

As previously noted, the question which the trial court certified for appeal is whether section 2–1117 is applicable to a defendant whose liability is predicated on acting “in concert” under section 876 of the Restatement (Second) of Torts. Section 876 is entitled “Persons Acting in Concert” and provides:

“For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

(a) does a tortious act in concert with the other or pursuant to a common design with him, or

(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.” Restatement (Second) of Torts §876, at 315 (1979).

Defendant acknowledges that, under the common law, individuals who engage in tortious, concerted action are held jointly and severally liable for any damages resulting from that action. Defendant emphasizes, however, that section 2–1117 modifies the common law with respect to joint and several liability. Defendant further notes that while section 2–1118 expressly exempts medical malpractice actions and environmental pollution actions from the provisions of section 2–1117, neither section 2–1118 nor section 2–1117 includes any exception for cases involving concerted action.

Defendant also observes that liability under section 876 of the Restatement requires a finding of some affirmative conduct on the part of those who are alleged to have acted in concert. Defendant distinguishes liability based upon concerted action from liability founded on the doctrine of 
respondeat superior
. Under the doctrine of 
respondeat superior
, a principle may be held liable for the tortious actions of an agent which cause a plaintiff's injury, even if the principle does not himself engage in any conduct in relation to the plaintiff. In such a situation, defendant notes, it is inappropriate to compare the actions of the principal and agent for purposes of apportioning liability. See, 
e.g.
, 
American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center
, 154 Ill. 2d 347, 354 (1992) (noting that for purposes of the Contribution Act, “[i]n cases of vicarious liability, there is only a basis for indemnity, not for apportionment of damages as between the principal and agent [citation]. Only the agent is at fault in fact for the plaintiff's injuries”). However, defendant asserts that there is no barrier to apportioning the liability of tortfeasors who act in concert, each of whom must engage in some form of affirmative conduct to be liable under section 876. Therefore, defendant reasons, section 2–1117 should apply to a defendant whose liability is based upon having acted in concert with other individuals. We disagree.

In general, the common law doctrine of joint and several liability provides that when two or more individuals tortiously contribute to the same, indivisible injury, each individual may be held jointly and severally liable for the entire injury. See generally 3 F. Harper, F. James & O. Gray, Torts §§10.1, 10.2 (2d ed. 1986); W. Keeton, Prosser & Keeton on Torts §§47, 50 through 52 (5th ed. 1984);
 Coney v. J.L.G. Industries, Inc.
, 97 Ill. 2d 104, 119-20 (1983). Under the common law, there are several distinct circumstances in which a contributing tortfeasor may be held jointly and severally liable. See 3 F. Harper, F. James & O. Gray, Torts §10.1 (2d ed. 1986) (identifying four categories in which the courts have historically imposed joint and several liability). In perhaps the most frequently occurring situation, a tortfeasor who acts independently and concurrently with other individuals to produce an indivisible injury to a plaintiff may be held jointly and severally liable for that injury, even though the tortfeasor does not act in concert with the other individuals, and shares no common purpose or duty with them. 
Burke v. 12 Rothschild's Liquor Mart, Inc.
, 148 Ill. 2d 429, 438 (1992). Such an “independent concurring tortfeasor” (3 F. Harper, F. James & O. Gray, Torts §10.1, at 7 (2d ed. 1986)) is not held liable for the entirety of a plaintiff's injury because he or she is responsible for the actions of the other individuals who contribute to the plaintiff's injury. Rather, an independent, concurring tortfeasor is held jointly and severally liable because the plaintiff's injury cannot be divided into separate portions, and because the tortfeasor fulfills the standard elements of tort liability, 
i.e.
, his or her tortious conduct was an actual and proximate cause of the plaintiff's injury. See generally 3 F. Harper, F. James & O. Gray, Torts §10.1, at 17-28 (2d ed. 1986); R. Wright, 
Allocating Liability Among Multiple Responsible Causes: A Principled Defense of Joint and Several Liability for Actual Harm and Risk Exposure
, 21 U.C. Davis L. Rev. 1141, 1141-68 (1988); R. Michael, 
Joint Liability: Should It Be Reformed or Abolished?–The Illinois Experience
, 27 Loy. U. Chi. L.J. 867, 906-08 (1996). The fact that another individual also tortiously contributes to the plaintiff's injury does not alter the independent, concurring tortfeasor's responsibility for the entirety of the injury which he or she actually and proximately caused. See Restatement (Second) of Torts §875, Comment 
c
, at 315 (1979); 
Coney
, 97 Ill. 2d at 121-22. 

In contrast, a tortfeasor who acts in concert with other individuals in causing a plaintiff's injury is held jointly and severally liable for that injury because the tortfeasor is legally responsible for the actions of the other individuals. See 27 Loy. U. Chi. L.J. at 909. A determination that a tortfeasor has acted in concert with other individuals establishes a legal relationship with those individuals. By virtue of this relationship, the tortfeasor becomes liable for the actions of those with whom he acted in concert. “In legal contemplation, there is a joint enterprise, and a mutual agency, 
so that the act of one is the act of all
, and liability for all that is done is visited upon each.” (Emphasis added.) W. Keeton, Prosser & Keeton on Torts §52, at 346 (5th ed. 1984). Thus, while the tortfeasors who act in concert in causing a plaintiff's injury may all engage in some affirmative conduct relating to that injury, the legal relationship which exists among them eliminates the possibility of comparing their conduct for purposes of apportioning liability. Indeed, if an apportionment of liability were permitted, the act of one tortfeasor would no longer be the act of all, and the essence of the doctrine of concerted action would be destroyed. 

Defendant maintains, however, that section 2–1117 contains no exception for concerted action. Therefore, according to defendant, under the plain terms of the statute, section 2–1117 must apply in cases where the tortfeasors act in concert in causing the plaintiff's injury. We believe this argument reflects a fundamental misunderstanding of the nature of section 2–1117. Section 2–1117 requires, as a threshold matter, that the liability of the tortfeasors which is at issue be capable of being legally apportioned. If the liability cannot be legally apportioned, then section 2–1117 never comes into play. We have noted that it is legally impossible to apportion liability among tortfeasors who act in concert. Logically, therefore, section 2–1117 cannot apply to cases where the tortfeasors act in concert to cause a plaintiff's injury. See also L. Pressler & K. Schieffer, 
Joint and Several Liability: A Case for Reform
, 64 Denv. U.L. Rev. 651, 680-81 (1988) (advocating the abolition of joint and several liability for independent concurring tortfeasors but noting that the doctrine should be retained for concerted action); R. Wright, 
The Logic and Fairness of Joint and Several Liability
, 23 Memphis St. U.L. Rev. 45, 47 n.7 (1992) (“All parties [those advocating the abolition of joint and several liability and those in favor of retaining the doctrine] generally agree that joint and several liability should be retained at least for defendants acting in concert”).

We note, moreover, that defendant's argument that section 2–1117 contains no exception for concerted action is simply another way of saying that, by enacting section 2–1117, the legislature intended to eliminate concerted action as a basis for joint and several liability in the nonintentional torts. The general principle that tortfeasors who negligently act in concert are held jointly and severally liable for the damages which they cause has been recognized in Illinois for over 100 years. See 
Andrews v. Boedecker
, 126 Ill. 605, 610 (1888) (“Parties who act in concert, and co-operate in doing a negligent act which causes an injury, are liable, either jointly or severally, to the person injured, for the damage thereby occasioned”). There is no indication, in either the operation or language of section 2–1117, that the legislature intended to abolish this well-established principle of the common law. See 
In re Illinois Bell Switching Station Litigation
, 161 Ill. 2d 233, 240 (1994) (statutes in derogation of the common law are to be strictly construed, and nothing will be read into them by implication).

Conclusion

For the foregoing reasons, we answer the certified question in the negative. Section 2–1117 is not applicable in negligence actions where several individuals act in concert to cause a single, indivisible harm. We note that it remains to be determined, as a question of fact, whether the defendant in this case engaged in concerted action so as to preclude the application of section 2–1117. The judgment of the appellate court is affirmed.

Appellate court judgment affirmed.

FOOTNOTES
1:
A 1995 amendment to section 2–1117 eliminated the doctrine of joint and several liability entirely, replacing it with proportionate several liability. The amended version of section 2–1117, which is not at issue in this case, was declared unconstitutional by this court in 
Best v. Taylor Machine Works
, 179 Ill. 2d 367, 423-33 (1997).