GOLDEN RULE INSURANCE COMPANY, Plaintiff-Appellee, v. FRANK ELTON *et al.*, Defendants (Deborah Ebner, as Trustee of the Bankruptcy Estate of Frank and Deborah Elton, Real Party in Interest, Defendant-Appellant).

Third District    No. 3—01—0569

Opinion filed March 5, 2002.

Matthew M. Garrett (argued) and Douglas L. Prochnow, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellant.

Carl R. Buck (argued), of Rathbun, Cservenyak & Kozol, L.L.C., of Joliet, and David Anderson (argued), of Anderson & Associates, of Indianapolis, Indiana, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

This declaratory judgment action was brought by plaintiff Golden Rule Insurance Co. against defendants Frank and Deborah Elton after Golden denied coverage of Deborah's medical claims. After the Eltons filed a counterclaim against Golden seeking payment of Deborah's medical bills, the trial court dismissed the counterclaim on the basis that the Eltons lacked standing. The Eltons moved to vacate the dismissal; thereafter, the trustee of their bankruptcy estate was substituted in the action as the real party in interest. Although the substitution cured the standing defect, the trial court denied the motion to vacate because it determined that the medical bills were previously discharged in bankruptcy. The trustee appealed. We reverse and hold that although bankruptcy discharges the personal liabilities of the debtors, it does not discharge any independent liability of a third-party insurer. Thus, the trial court erred when it dismissed the counterclaim.

## FACTS

In April of 1989, Golden issued Frank a health insurance policy which provided coverage for the Eltons and their children. In early 1990, Deborah was diagnosed with breast cancer and underwent a mastectomy, incurring medical expenses in excess of $30,000. Based on a review of Deborah's prior medical records, Golden determined that Deborah's breast cancer was a preexisting condition, denied Deborah's

claims and ultimately voided the Eltons' policy. Thereafter, Golden filed a complaint for declaratory judgment, seeking a determination that the claims were properly denied based on alleged material misstatements made by Deborah on the policy application.

In 1994, the Eltons filed for chapter 7 bankruptcy (11 U.S.C. § 701 *et seq.* (1994)), listing the unpaid medical bills as debts and the declaratory action as a liability. An order of discharge was eventually entered in the bankruptcy action. In 2001, the Eltons filed a counterclaim in the declaratory judgment action which sought payment of Deborah's medical bills and damages for Golden's denial of Deborah's claim. Golden moved to dismiss pursuant to section 2—619(a)(6) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2—619(a)(6) (West 2000)), claiming that the Eltons lacked standing and that the bills had been discharged in bankruptcy. The trial court granted Golden's motion. After the Eltons filed a motion to vacate the dismissal, the bankruptcy trustee sought to be substituted as the real party in interest. The trial court allowed the substitution but denied the motion to vacate. The trustee appealed.

## ANALYSIS

■ On appeal, Golden complains that the trustee did not properly preserve its objection to the dismissal of the counterclaim and the trustee complains that the counterclaim was improperly dismissed. This court reviews questions of law and a trial court's determination of a section 2—619 motion to dismiss *de novo. Woods v. Cole*, 181 Ill. 2d 512, 693 N.E.2d 333 (1998); *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 687 N.E.2d 1042 (1997).

The first issue is whether the trustee is precluded from appealing the dismissal of the counterclaim. Golden argues that the nature of the trustee's objection to the dismissal was not preserved in the trial court. We disagree.

■ According to the record, the Eltons timely objected to the trial court's dismissal of the counterclaim, and the objection was recognized by the trial court in its order dismissing the counterclaim when it stated that the counterclaim was being dismissed "over the defendants' objection." In addition, the Eltons' subsequent motion to vacate the dismissal of the counterclaim informed the trial court of the nature of the objection. After the trustee was substituted as the real party in interest, the action already in progress continued, and the trustee inherited the objection. See 735 ILCS 5/2—1008(a) (West 2000) (stating that when interests to an action are changed by reason of a bankruptcy occurring after an action has been commenced and a different party is substituted, the original action does not abate but is carried

on with the new and remaining parties). Consequently, we hold that the Eltons sufficiently informed the court of the nature of their objection to the motion to dismiss and that the trustee inherited the objection, thereby preserving it for appeal.

■ The second issue is whether the trial court properly dismissed the counterclaim. The trustee argues that the counterclaim should not have been dismissed because the bankruptcy order discharged only the personal liability of the Eltons, not the independent liability of third parties such as Golden.

Section 2—619(a)(6) of the Civil Code (735 ILCS 5/2—619(a)(6) (West 2000)) provides for the involuntary dismissal of an action where the claim at issue had been discharged in bankruptcy. While a discharge in bankruptcy prevents a later action to collect a debt that was a personal liability of the debtor, it does not affect the liability of any other entity for a debt. 11 U.S.C. §§ 524(a), (e) (2000). An insurer who is independently liable for a debt remains liable in spite of the debtor's discharge. *Eastern Seafood Co. v. Barone*, 252 Ill. App. 3d 871, 625 N.E.2d 664 (1993).

Because a debtor's discharge in bankruptcy does not discharge a third party's liability under either the Bankruptcy Code or Illinois law, the Eltons' discharge did not eliminate Golden's possible liability for Deborah's medical bills. See *In re Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991) (discussing the general rule that a bankruptcy stay does not prevent actions against a debtor's insurers). As the debts that Golden may be responsible for under the insurance policy have not been discharged, a section 2—619(a)(6) dismissal was not warranted. Therefore, we hold that the trial court erred when it dismissed the counterclaim against Golden, and we remand for the trial court to vacate the dismissal in accordance with this opinion.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and remanded.

Reversed and remanded.

HOMER and SLATER, JJ., concur.