CARLA A. EARLES, Plaintiff-Appellant, v. TRACY E. EARLES, Defendant-Appellee.

Third District   No. 3—03—0123

Opinion filed September 2, 2004.

Ronald J. Gerts, of Bourbonnais, for appellant.

Tracy E. Earles, of Catlin, appellee *pro se.*

JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiff, Carla Earles, filed a motion to increase child support and a petition for rule to show cause relating to child support arrearages against her former husband, defendant, Tracy Earles. Tracy then requested a hearing on a petition to modify child support that had

been previously filed. On July 9, 2002, the circuit court of Kankakee County entered an order granting Tracy's petition to modify child support and denied Carla's petition to increase child support. The same order found Tracy in contempt for willful failure to pay child support and continued the case for sentencing on Tracy's contempt. A sentencing hearing was held on July 29, 2002, but a written order on the contempt citation was not issued until August 28, 2002. Carla, within 30 days of the August 28 order, filed a motion to reconsider the July 9 order. Tracy filed a motion to strike and dismiss Carla's motion for reconsideration claiming it was untimely. The circuit court found that Carla's motion to reconsider was untimely and, therefore, it lacked jurisdiction to modify the July 9, 2002, order. Carla appeals.

## BACKGROUND

Carla and Tracy divorced on April 7, 1992. The judgment of dissolution provided that Carla would have custody of their two minor children. It further provided for Tracy to pay $200 in child support per week.

After losing his job in 1997, Tracy was unable to meet his child support obligation. In February 1998, Tracy filed a *pro se* petition to modify child support requesting that the court reduce his payment to $212 every other week. No order was entered on this request for modification. Furthermore, Carla was never served with notice of the petition. Eventually, Tracy reduced his child support payments from $200 per week to $210 every other week. The parties dispute whether this reduction was unilateral or consented to by Carla in a telephone conversation.

On November 30, 2001, Carla filed a petition for rule to show cause why Tracy should not be held in contempt for failure to pay child support at the rate of $200 per week. Carla also filed a motion to increase child support.

The petition for rule to show cause alleged that Tracy had failed to pay child support as ordered by the judgment of dissolution and was $21,500 in arrears. The motion to increase child support alleged that there had been a substantial change in circumstances in Tracy's income and an increase was necessary to bring his payments to 25% of his higher income.

On January 14, 2002, Carla received notice of Tracy's renewal of his 1998 petition for modification. Carla filed a motion to strike the 1998 petition on January 24, 2002. After a hearing, the court entered a written order on July 9, 2002, stating:

"A. That Judgment is granted in favor of Plaintiff and against Defendant in the amount of $7,530.24, plus interest,

B. That Defendant is in contempt of this Court for the willful failure to pay child support in the amount of $7,530.24,

C. That Defendant's Petition to Modify is allowed, and Defendant's child support payment is modified to $168.00 beginning April 16, 2002,

D. That Plaintiff's Petition to Increase is denied,

E. That this case is continued for sentencing on the finding of Defendant's contempt to July 29, 2002 at 10:30 a.m."

After the July 29, 2002, sentencing hearing, the court took the matter under advisement and ultimately issued a written order concerning the petition for rule to show cause on August 28, 2002. The court ordered Tracy to pay Carla $1,250 within seven days, pay the arrearage of $7,530.24 at $200 per month beginning September 2002, interest, and attorney fees within 30 days.

On September 24, 2002, Carla filed a motion to reconsider the substantive rulings of the July 9, 2002, order. Three days later, Tracy filed a motion to strike and dismiss Carla's motion to reconsider. He alleged that Carla had failed to file the motion within 30 days of the issuance of the July 9, 2002, order.

The court denied Carla's motion to reconsider on January 6, 2003. The court issued a written disposition explaining its January 6 ruling which stated that the July 9, 2002, order "completely and finally disposed of all issues relating to the petitions to modify child support filed by each of the parties." The court concluded that it had no basis to review the July 9, 2002, order where the motion to reconsider was not filed within 30 days.

Carla appeals claiming that since the July 9 order only disposes of two issues (the petitions to modify support) and reserves ruling on the issue of contempt, there was no final and appealable order until the August 28 ruling. Therefore, she argues, her motion to reconsider was timely filed on September 24, 2002, and the trial court erred by finding it did not have jurisdiction to modify its July 9, 2002, order.

## STANDARD OF REVIEW

The question presented in this appeal is one of law. We review questions of law *de novo*. *Woods v. Cole*, 181 Ill. 2d 512, 516 (1998).

## ANALYSIS

■ Generally, an order must dispose of all issues involved in an action to be final and appealable. *In re Marriage of Berto*, 344 Ill. App. 3d 705, 710 (2003). It has long been held that contempt proceedings are original special proceedings which are collateral to, and independent of, the underlying claim. *People v. Shukovsky*, 128 Ill. 2d 210, 219 (1988); *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 172 (1981);

*People ex rel. General Motors Corp. v. Bua,* 37 Ill. 2d 180, 191 (1967). When discussing this principle, the supreme court has "recognized that ordinarily an adjudication in a contempt proceeding is final and appealable because it is an *original special proceeding, collateral to, and independent of, the case in which the contempt arises* where the imposition of the sanction does not directly affect the outcome of the principal action," even though such an adjudication does not dispose of all issues in the litigation. (Emphasis added.) *Kazubowski v. Kazubowski,* 45 Ill. 2d 405, 414-15, 259 N.E.2d 282, 289 (1970).

■ Therefore, by finding defendant in contempt, the July 9, 2002, order in the case at bar started a special proceeding that was outside of, and collateral to, the original proceedings on the petitions to modify and increase child support. Had the trial judge imposed a sanction on defendant in that order, it would have been immediately appealable regardless of whether it disposed of the petitions to modify and increase child support. Logical consistency dictates that the converse also be true, *i.e.,* if the order disposes of the substantive issues, then it is final and immediately appealable regardless of whether it concluded the collateral contempt proceeding.

Since the July 9 order "completely and finally disposed of all issues related to the petition to modify child support" as noted by the trial court, and the unresolved contempt proceeding was collateral to, and independent of, the underlying claim, the order resolving the petitions to modify child support was final and appealable notwithstanding the unresolved contempt proceeding.

The appellant failed to file a postjudgment motion within 30 days of the July 9, 2002, order. Therefore, the trial court lost jurisdiction to consider a motion attacking the order with the exception of those portions relating to the contempt proceedings.

## CONCLUSION

For the foregoing reasons, the ruling of the circuit court of Kankakee County is affirmed.

Affirmed.

BARRY and McDADE, JJ., concur.