THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMMY ODELL HARDIN, a/k/a Thomas O. Hardin, Jr., Defendant-Appellant.

Second District    No. 2—03—0550

Opinion filed November 17, 2004.

Robert J. Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Stephen E. Norris and Patrick D. Daly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The defendant, Tommy Odell Hardin, also known as Thomas O. Hardin, Jr., appeals from the dismissal of his postconviction petition. A lawyer from the Du Page County public defender's office represented him at his trial for aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 1996)). The court appointed another lawyer from the Du Page County public defender's office to represent the defendant in the

proceedings on his postconviction petition, in which he claimed that he had received ineffective assistance of counsel at trial. The defendant argues that this circumstance triggered a duty in the trial court, under *People v. Banks*, 121 Ill. 2d 36 (1987), to investigate whether his post-conviction counsel was acting under a conflict of interest. We read *Banks* to hold that, standing alone, the circumstance that one public defender must attack the effectiveness of another from the same office is insufficient to trigger a court's duty to investigate whether a conflict exists. The defendant does not suggest that he brought to the court's attention any particular relationship between his two public defenders that would have triggered the court's duty to investigate, nor does he point to any flaw in his postconviction counsel's representation that would suggest an actual conflict of interest. Further, he does not argue that the court erred in finding that his petition was subject to dismissal. Therefore, we affirm the dismissal of his petition.

The defendant was charged by indictment with five counts of aggravated criminal sexual abuse. The court appointed Jameson Kunz of the Du Page County public defender's office to represent him. The relationship between the defendant and Kunz was inharmonious. In the two-and-a-fraction years before his trial, the defendant made repeated demands to the court that it replace Kunz. At times, the defendant chose not to cooperate with Kunz. Kunz was instrumental in the court's *sua sponte* decision to hold a fitness hearing regarding the defendant, who was found temporarily unfit to stand trial. The defendant let the court know that he was not pleased with this outcome.

Upon his restoration to fitness, the defendant stood trial before a jury, which found him guilty on all counts in the indictment. The court sentenced him to concurrent 22-year terms of imprisonment, a sentence in the Class X range because of the defendant's prior convictions. The defendant appealed his convictions and sentences to this court, and we affirmed them. *People v. Hardin*, No. 2—00—0441 (2001) (unpublished order under Supreme Court Rule 23).

The defendant then filed a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2002)), alleging that Kunz had been ineffective because he had failed to use impeachment evidence against the State's witnesses and had breached client confidentiality. He accompanied the petition with a request that the court appoint counsel other than the public defender. The court immediately appointed the Du Page County public defender's office to represent the defendant, without first considering whether it should dismiss the petition under section 122—2.1 of the Act (725 ILCS 5/122—2.1 (West 2002)). Ricky Holman of the public defender's office

represented the defendant and drafted an amended petition, which fleshed out the ineffective assistance of counsel claims in the original petition and added additional claims. Holman informed the court that the defendant was adamant that he wanted counsel other than the public defender, but the court denied the request without questioning Holman about the basis for the defendant's objections. After the State moved to dismiss the petition, the defendant filed a written request for outside counsel, citing Holman's "conflict of interest" and poor communication with the defendant. He asserted that he had received only one call and one letter from Holman. The court suggested that the defendant "apparently just want[ed] more communication" but Holman responded, "I think I'll put it on the record, Judge. *** [E]very time I communicate with him he does not want the public defender to represent him. *** [T]hat's definitely from my reading the transcripts of the trial aspect as well." The court did not respond.

The court ultimately dismissed the defendant's petition on the State's motion. In his appeal of the dismissal, the defendant contends only that the court erred by failing to inquire into whether Holman was acting under a conflict of interest when he had to attack the effectiveness of a fellow lawyer from the Du Page County public defender's office.

■ The question of whether the trial court was required to make an inquiry is one of procedure. Questions of whether a court has followed the applicable procedure are questions of law; therefore, our review is *de novo*. See *Woods v. Cole*, 181 Ill. 2d 512, 516 (1998).

■ Some combinations of relationships among lawyers and clients are, by themselves, enough to create disqualifying conflicts of interest. For example, a conflict exists when a lawyer represents both the victim of a crime and the defendant accused of committing that crime. *People v. Stoval*, 40 Ill. 2d 109, 112 (1968). Illinois authority describes such circumstances as ones of *per se* conflict of interest. Representation by counsel acting under a conflict violates the defendant's right to counsel, unless the defendant has knowingly waived the right to conflict-free counsel. *Stoval*, 40 Ill. 2d at 111-14. At one time, the Illinois Supreme Court held that, when one member of a public defender's office must attack the effectiveness of another member of that office, a *per se* conflict exists. See *People v. Smith*, 37 Ill. 2d 622, 623-24 (1967). However, in *Banks*, the supreme court overruled its decision in *Smith*, holding that, in such circumstances, one may generally assume that a public defender can overcome any sense of allegiance to fellow defenders and can give his or her full loyalty to the client. *Banks*, 121 Ill. 2d at 43. Thus, "where an assistant public defender asserts that another assistant from the same office has

rendered ineffective assistance, a case-by-case inquiry should be conducted to determine whether any circumstances peculiar to the case indicate the presence of an actual conflict of interest." *Banks*, 121 Ill. 2d at 44.

The defendant asserts that this holding requires the *trial court* to make a case-by-case inquiry at the time it appoints a public defender to undertake a representation where he or she must attack another public defender's effectiveness; the State asserts that this holding allows the *reviewing court* to make this inquiry. We agree with the State. Although the holding quoted, taken in isolation, is ambiguous, the dispositions of the cases reviewed in *Banks* show that the *Banks* court did not require an inquiry by the trial court.

In *Banks*, the court considered the cases of three defendants. Each defendant had originally been represented by a lawyer from the local public defender's office. Two of the defendants had filed postconviction petitions alleging ineffective assistance of trial counsel, and the third had filed a posttrial motion raising the same claim. In each case, the defendant was represented in the new proceedings by a public defender other than the one who had represented him at trial. *Banks*, 121 Ill. 2d at 38-39. In no case did the *Banks* court suggest that the trial courts conducted an inquiry into whether the new attorney was laboring under a conflict. If the trial courts had failed to conduct the required inquiries, we would expect the supreme court to have overturned the lower courts' decisions or else to have conducted a conventional harmless-error analysis. Instead, the supreme court itself reviewed the records for any signs of actual conflicts of interest: "Here, defendants have not indicated, and our examination of the record does not reveal, circumstances which suggest that actual conflicts of interest were present." *Banks*, 121 Ill. 2d at 44.

The procedure that the court followed in *Banks* is consistent with the framework that the court adopted in *People v. Spreitzer*, 123 Ill. 2d 1 (1988), which it decided four months after *Banks*. The purported conflict in *Spreitzer* was less direct than that in *Banks*. A Du Page County assistant public defender represented Spreitzer at his murder trial. At the time of the trial, the Du Page County public defender was a former Du Page County assistant State's Attorney who had participated in charging Spreitzer. *Spreitzer*, 123 Ill. 2d at 12. Spreitzer claimed that, because one would expect the assistant public defender to be loyal to the public defender, a *per se* conflict of interest existed. The court deemed that the purported division of loyalties was too slight to create a *per se* conflict. *Spreitzer*, 123 Ill. 2d at 22. The court therefore derived its analytic framework from United States Supreme Court cases that considered allegations of conflict in circumstances that fell short of

creating *per se* conflicts. The typical situation of this kind is one in which one lawyer jointly represents two or more defendants in one case. *Spreitzer*, 123 Ill. 2d at 17-21.

■ According to *Spreitzer's* reading of the Supreme Court cases, the mere fact of joint representation does not impose upon a trial court a duty to inquire into whether a conflict exists. *Spreitzer*, 123 Ill. 2d at 18. Such a duty arises only if the defendant reports the possible conflict to the court at an "early stage" in the proceedings. *Spreitzer*, 123 Ill. 2d at 18. If he or she makes such a report, the court must either appoint separate counsel or investigate to decide whether the risk of conflict is too remote to require separate counsel. Failure of the court to take such steps is grounds for reversal. *Spreitzer*, 123 Ill. 2d at 18, citing *Holloway v. Arkansas*, 435 U.S. 475, 484, 55 L. Ed. 2d 426, 434, 98 S. Ct. 1173, 1178 (1978). If the defendant *does not* bring the possible conflict to the court's attention early, the conviction should be reversed only if the defendant can show that " 'an actual conflict of interest adversely affected' counsel's performance." *Spreitzer*, 123 Ill. 2d at 18, quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350, 64 L. Ed. 2d 333, 348, 100 S. Ct. 1708, 1719 (1980). To show this, the defendant must point to some specific defect in his or her counsel's performance that is attributable to the conflict. This rule does not require the defendant to prove that the defect contributed to his or her conviction, however. *Spreitzer*, 123 Ill. 2d at 18-19.

When we combine the teachings of *Banks* and *Spreitzer*, we gain a nearly complete outline of how both trial courts and reviewing courts are to address the possibility of conflict of interest when one public defender must attack the effectiveness of another. *Banks* shows that that form of representation by itself is not enough to trigger a duty in the trial court to investigate. If it were, the *Banks* court would have had to discuss the trial courts' actions at the time they appointed the public defenders' offices, not merely whether any defects in representation were apparent from the record. Thus, a trial court's duty to investigate arises only if, at an early stage in the proceedings, a defendant presents facts suggesting a conflict that goes beyond the problem of one public defender having to attack another. For instance, the defendant's telling the court that his new attorney had often served as his trial attorney's trial partner might trigger the trial court's duty to inquire. See *People v. Vaughn*, 200 Ill. App. 3d 765, 770 (1990). If the defendant has not brought the specifics to the trial court's attention early, then the reviewing court (or the trial court considering a posttrial motion) should grant relief only if the defendant presents evidence of an actual conflict, *i.e.*, evidence of a specific defect in counsel's performance attributable to the conflict. That is the case-by-case inquiry required by, and conducted in, *Banks*.

■ Here, the defendant did not trigger a duty in the trial court to conduct an inquiry at the outset of the postconviction representation. He did raise a claim of conflict of interest early in the postconviction proceedings, but did not suggest any conflict beyond Holman's employment in the same office as Kunz. Therefore, we are limited in our inquiry to the question of whether any defect in the representation gives evidence of the presence of an actual conflict of interest. The defendant does not point to any such defect, and our review of Holman's handling of the petition does not suggest that he shied away from pursuing the ineffective assistance of counsel claims. The defendant also asserted that Holman was not communicating with him enough, but the details of that complaint, that he had received only one call and one letter from Holman, suggest that it may have been the result of the defendant's unrealistic expectations. As a result, the defendant has not established that a conflict of interest existed such that we must reverse the dismissal of his postconviction petition.

The defendant contends that *People v. Levesque*, 256 Ill. App. 3d 639 (1993), interpreted *Banks* to hold that a trial court's duty to inquire into the possibility of a conflict of interest is triggered whenever the court has placed one lawyer from a public defender's office in the position of attacking the effectiveness of another. The defendant's interpretation of *Levesque* seems correct to us. However, to the extent the defendant is correct in his reading of *Levesque*, *Levesque* is wrong in its reading of *Banks*.[1] *Levesque* concerned a defendant who was represented first by an assistant public defender, and then, posttrial, by that assistant's supervisor. *Levesque*, 256 Ill. App. 3d at 642-43. Although the reviewing court could have deemed this to be the kind of specific fact suggesting a conflict that triggers the trial court's duty to inquire, the *Levesque* court's words suggest that it believed that *Banks* created a broader duty of inquiry by the trial court. See *Levesque*, 256 Ill. App. 3d at 650. As we have stated, such a broader duty of inquiry is simply inconsistent with *Banks*' lack of analysis of the trial courts' actions.

---

[1]Other cases are more explicit in this mistaken reading of *Banks*. *People v. Hartfield*, 232 Ill. App. 3d 198 (1992), is an example of such a case:

"In *Banks*, the court held that assigning a public defender to represent a convicted person in an ineffective assistance of counsel claim against another attorney from the same office does not present a *per se* conflict of interest. The court held that, instead, the circuit court must examine each case for circumstances that would result in an actual conflict." *Hartfield*, 232 Ill. App. 3d at 210.

For the reasons given, we affirm the order of the circuit court of Du Page County dismissing the defendant's postconviction petition.

Affirmed.

BYRNE and KAPALA, JJ., concur.