No. 3--05--0847

Filed April 11, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 82--CF--358 |
| BILLIE D. BARBER, | ) ) | Honorable Stuart P. Borden, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:
Modified Upon Denial of Rehearing

The defendant, Billie D. Barber, appealed the trial court's denial of leave to file a successive postconviction petition. After modifying our opinion upon denial of the defendant's petition for rehearing, we affirm.

In 1982, a jury found the defendant guilty of murder (Ill. Rev. Stat. 1981, ch. 38, par. 9--1). The trial court sentenced him to natural life imprisonment.

The defendant filed a document with the trial court, which the court construed as a postconviction petition. The trial court dismissed the petition at the first stage of the proceedings. This court affirmed the trial court's dismissal of

the defendant's first postconviction petition.  <u>People v. Barber</u>, No. 3--87--0044 (1987) (unpublished order under Supreme Court Rule 23).

The defendant then filed a petition for a writ of <u>habeas corpus</u>, which the trial court denied.  The defendant appealed. During the pendency of the appeal concerning the defendant's <u>habeas</u> petition, the defendant filed a second postconviction petition on February 9, 2004.  On June 29, 2004, the trial court dismissed the second postconviction petition without prejudice, with leave to refile.  The trial court reasoned that it lacked jurisdiction to consider the defendant's second postconviction petition during the pendency of the appeal concerning the defendant's <u>habeas</u> petition.

On September 12, 2005, the defendant filed a third postconviction petition, which is the subject of this appeal. The defendant asserts that his third petition was the refiling of his second petition, which the trial court had allowed in its June 29, 2004, order.  The record shows that the defendant's third petition was not merely a refiling of the second, but rather, was substantially different from the second petition.

Although the defendant acknowledged in his third postconviction petition that it was a successive petition, he did not seek leave from the trial court to file a successive petition (725 ILCS 5/122--1(f) (West 2004)).  In the third petition, the

2

defendant made eight arguments, but he did not state any facts to show why he could not have raised these arguments in his first postconviction petition.

On October 25, 2005, the trial court issued its order concerning the defendant's third postconviction petition. In its order, the court (1) denied the defendant leave to file a successive postconviction petition; and (2) alternatively, dismissed the petition on the merits at the first stage of the proceedings. On appeal, the defendant argued that the trial court erred by (1) denying him leave to file his successive postconviction petition; and (2) alternatively, dismissing the petition at the first stage of the proceedings.

Section 122--1(f) states that a defendant may only file one postconviction petition without leave of the court. 725 ILCS 5/122--1(f) (West 2004). "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122--1(f) (West 2004).

A trial court's decision concerning whether to grant a defendant leave to file a successive postconviction petition is controlled by statute. A court's compliance with statutory procedure is a question of law, which we review de novo. Woods v. Cole, 181 Ill. 2d 512, 693 N.E.2d 333 (1998).

3

In his petition for rehearing, the defendant contends that he did not seek leave to file his successive postconviction petition because he relied upon the trial court's order granting him leave to refile.  We acknowledge that the defendant may have failed to seek leave to file his successive petition because he detrimentally relied upon the trial court's order granting him leave to refile a previous successive postconviction petition.[1]  However, the defendant's reliance on the trial court's order granting leave to refile is not dispositive of the matter.

Even if the defendant had sought leave to file his successive postconviction petition, he would have been required to show that his arguments passed the statutory cause and prejudice test.  In his petition for rehearing, the defendant asserts that his arguments passed this test.  However, his assertion is merely conclusory.  In his petition for rehearing,

---

[1] We note that the trial court's order dismissing the defendant's second postconviction petition without prejudice with leave to refile was erroneous because, under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2004)), (1) the trial court did not lack jurisdiction to consider a postconviction petition while the defendant's habeas petition was on appeal; and (2) the Act does not authorize dismissals at the first stage of the proceedings without prejudice with leave to refile.

4

the defendant did not state any facts to show the cause for his failure to bring the claims in his initial postconviction petition. Likewise, the defendant did not raise such facts in his briefs on appeal.

Under section 122--1(f), the defendant has failed to show cause why the trial court should have granted him leave to file a successive postconviction petition, even if he had sought such leave. Therefore, we hold that the trial court was correct as a matter of law to deny the defendant leave to file his successive postconviction petition. Because our decision is based on the trial court's denial of leave to file the petition, we need not consider, in the alternative, the trial court's first-stage dismissal of the petition on the merits.

For the foregoing reasons, we affirm the judgment of the Tazewell County circuit court concerning the defendant's successive postconviction petition.

Affirmed.

HOLDRIDGE and WRIGHT J. J. concurring.