WILLIAM H. SANKE *et al.*, Plaintiffs-Appellants, v. MAXIMILLIAN BECHINA, Defendant-Appellee (Richard Schwartz, Defendant).

Second District   No. 2—90—1164

Opinion filed July 30, 1991.—Rehearing denied September 6, 1991.

Mary Jo Greene and David A. Nilles, both of Haskell & Perrin, of Chicago (James K. Perrin, of counsel), for appellants.

Jeanne Leary Maher and Kevin F. Donohue, both of O'Connor, Schiff & Myers, of Chicago, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs, William and Margaret Sanke, appeal the dismissal of counts IV through VIII of their second amended complaint for failure to state a cause of action. Plaintiffs alleged defendant Bechina acted in concert, aided and abetted, civilly conspired and willfully and wantonly participated in the wrongful conduct of codefendant Richard Schwartz, and as such was the proximate cause of the death of their daughter, Heather Sanke. On appeal, plaintiffs argue their second amended complaint states facts sufficient to support this cause of action. We agree. Accordingly, we reverse and remand.

The circumstances surrounding this case pose a unique set of facts. The plaintiffs allege on October 15, 1988, Bechina instituted a vehicular competition with codefendant Schwartz, who is not a party to this appeal. Initially, Schwartz accompanied Bechina in Bechina's automobile, a Porsche. Bechina demonstrated the speed and handling ability of his automobile by driving at an excessive rate of speed.

Later that evening, Bechina accompanied Schwartz in Schwartz's 1988 Ford Mustang for the purpose of comparing the performance of Schwartz's automobile against his own Porsche. Bechina was seated in the front passenger seat of the Mustang. The plaintiff's decedent, Heather Sanke, and another passenger, Amy Viti, were seated in the rear seat of the automobile.

Plaintiffs allege Bechina verbally encouraged Schwartz to exceed the posted 25-mile-per-hour speed limit and advised him to disregard a posted stop sign. Further, plaintiffs allege Bechina used physical gestures to encourage Schwartz's reckless operation of the automobile. Eventually, Schwartz lost control of the automobile. It careened over a curb and into a cluster of trees where it exploded. Schwartz, Bechina, and Viti survived the crash and subsequent explosion, but 18-year-old Heather Sanke died.

Plaintiffs assert that a passenger in an automobile who aids, abets, conspires and acts in concert with the negligent and willful conduct of a driver owes a duty to another passenger who is killed as a result of such actions under Illinois law. Defendant Bechina counters the plaintiffs' argument by asserting that Illinois courts have consistently refused to impose a duty upon a passenger in a motor vehicle for injuries sustained by another where the passenger neither owns nor has a right to control the vehicle.

■■ It is true that the law in Illinois is well settled concerning the duty of a passenger to control the conduct of the driver of the vehicle. Generally, a person other than the driver is not held liable for dam-

ages caused by negligent acts of the driver unless that person is the owner of the vehicle or has the right to control that vehicle. (*Palmer v. Miller* (1942), 380 Ill. 256; *Wolf v. Liberis* (1987), 153 Ill. App. 3d 488; *Fugate v. Galvin* (1980), 84 Ill. App. 3d 573.) In finding no duty to control the conduct of the driver, the courts have stated, where the passenger neither owns the car nor hires the driver, the driver has the last word and is the only one who could prevent the injury by his decision whether (or how) to drive. *Fugate v. Galvin*, 84 Ill. App. 3d at 577.

However, plaintiffs in this case are not asserting Bechina had a duty to control Schwartz in order to prevent him from driving in a reckless manner. Instead, they assert Bechina himself is a contributing tort-feasor. Plaintiffs argue that Bechina's own actions constituted a tort under section 876 of the Restatement (Second) of Torts.

Section 876 states the following:

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

(a) does a tortious act in concert with the other or pursuant to a common design with him, or

(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person." Restatement (Second) of Torts §876 (1979).

Plaintiffs have alleged the necessary elements to this cause of action in their pleadings. Count IV alleges Bechina, in furtherance of an agreement and/or common design with Richard Schwartz, actively participated with Schwartz in performing the wrongful conduct. Count V alleges Bechina knew of the wrongful and tortious acts of Schwartz and knowingly and actively encouraged Schwartz's wrongful and tortious conduct. Count VI alleges Bechina knowingly and substantially assisted the wrongful and tortious actions of Schwartz. Count VII alleges that Bechina civilly conspired with Schwartz in his tortious conduct. Finally, count VIII alleges Bechina encouraged the willful and wanton misconduct of Schwartz. Thus, the issue before this court is whether this cause of action is recognized in the State of Illinois. We turn now to our discussion of that issue.

The general rule that liability for the damage caused by the negligent act of a driver does not attach against a person other than the driver unless that person is the owner or has a right to control the

vehicle has its roots in section 315 of the Restatement (Second) of Torts. (See *Martino v. Leiva* (1985), 133 Ill. App. 3d 1006, 1007; *Fugate v. Galvin*, 84 Ill. App. 3d at 574-75.) That section provides:

"There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection." (Restatement (Second) of Torts §315 (1965).)

The special relations referred to in section 315(a) include parent-child, master-servant, land possessor and custodians of a person with dangerous propensities. (*Fugate v. Galvin*, 84 Ill. App. 3d at 575.) The special relations referred to in section 315(b) included common carrier-passenger, landowner-invitee and the custodianship of another in circumstances depriving the other of the normal opportunities for protection. *Fugate v. Galvin*, 84 Ill. App. 3d at 575.

■ However, this section of the Restatement does not address those situations where the individual in question is a direct participant in the wrongful conduct that harms another. For this reason, plaintiffs argue section 315 of the Restatement (Second) of Torts is not implicated in this cause of action. Rather, plaintiffs assert Bechina's own conduct gave rise to a cause of action under section 876 of the Restatement (Second) of Torts. We agree.

This case differs from an ordinary duty to control case because plaintiffs allege Bechina actively participated in the tortious conduct by substantially encouraging the tortious behavior. The comment to section 876(b) pertaining to substantial assistance or encouragement discusses this distinction. It states in pertinent part:

"*d.* Advice or encouragement to act operates as a moral support to a tortfeasor and if the act encouraged is known to be tortious it has the same effect upon the liability of the adviser as participation or physical assistance. If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act. This is true both when the act done is an intended [one] *** and when it is merely a negligent act. ***

The assistance of or participation by the defendant may be so slight that he is not liable for the act of the other. In determining this, the nature of the act encouraged, the amount of

assistance given by the defendant, his presence or absence at the time of the tort, his relation to the other and his state of mind are all considered." (Restatement (Second) of Torts §876(b), Comment d, at 317 (1979).)

The Restatement illustrates its point with the following. A and B participate in a riot in which B, although not throwing rocks himself, encourages A to throw rocks. One of the rocks strikes C, a bystander. B is subject to liability to C. The facts in this case are similar.

Bechina and Schwartz were allegedly engaged in a vehicular competition. Although not actually driving the vehicle, Bechina allegedly encouraged Schwartz to drive at an excessive speed and to disobey a posted stop sign. The automobile crashed, and as a result, Heather Sanke was killed.

This is not the first case in Illinois in which section 876 of the Restatement (Second) has been implicated. The plaintiff in *Wolf v. Liberis* (153 Ill. App. 3d 488) raised a cause of action under section 876 of the Restatement (Second). In that case, the plaintiff alleged that defendant, Linda Liberis, was liable for the death of the plaintiff's decedent, who was killed as a result of a collision with an automobile driven by codefendant, Nick Liberis.

Linda Liberis had been drinking. Nick Liberis followed her in a separate car as she drove home. Linda took a wrong turn, drove through a red light and into a store window. Nick parked his car and backed Linda's car out of the window. He requested that she remain there while he left to call the police. Instead of remaining at the scene, Linda got in her car and drove away. As Nick attempted to get into his car, three assailants attacked him. One of the men grabbed his arm, ultimately causing the car to collide head on with the car of the plaintiff's decedent. *Wolf*, 153 Ill. App. 3d at 490-91.

The plaintiff contended that the defendant was vicariously liable to the plaintiff's decedent under a concert-of-action theory, specifically (1) conspiracy, or concerted action by agreement, or (2) aiding-abetting or concerted action by substantial assistance. (*Wolf*, 153 Ill. App. 3d at 495-96.) Linda Liberis moved for summary judgment, contending there was no genuine issue of material fact that she was liable for the negligent driving of Nick Liberis. Her motion was denied by the trial court, but on appeal the court reversed the denial and remanded the case to the trial court with instructions to grant her motion for summary judgment. *Wolf*, 153 Ill. App. 3d at 498.

Citing the elements required for a finding of concert of action under section 876 of the Restatement (Second) of Torts, the court stated that neither the allegations of the complaint nor the proofs supported

a theory of civil conspiracy against Linda Liberis. (*Wolf*, 153 Ill. App. 3d at 495.) In addition, the court noted that the plaintiff had not alleged or proved that Linda Liberis in any way assisted or encouraged Nick Liberis in the negligent operation of his vehicle prior to the collision. (*Wolf*, 153 Ill. App. 3d at 496.) The court concluded that the accident was not caused by the actions of Linda Liberis but by independent subsequent events (*i.e.*, the three assailants who interfered with Nick Liberis' control of the car). *Wolf*, 153 Ill. App. 3d at 497-98.

In finding that the plaintiff failed to establish that Linda Liberis either civilly conspired with Nick Liberis or in any way assisted or encouraged him to drive in a negligent manner, the court recognized that, generally, a person other than the driver is not held liable for the negligent acts of the driver unless that person is the owner of the vehicle or has the right to control the vehicle. (*Wolf*, 153 Ill. App. 3d at 496, citing *Fugate v. Galvin*, 84 Ill. App. 3d at 575.) Defendant in the present action argues that this statement indicates a rejection by the *Wolf* court of the concert-of-action theory for imposing liability upon a passenger for the negligent driving of the driver.

To the contrary, the *Wolf* decision demonstrates the distinction between a cause of action arising under a concert-of-action theory and one that arises under a duty to control. Plaintiff in *Wolf* failed to allege substantial assistance or encouragement. As a result, the court found the pleadings insufficient to support the cause of action. Failing to find the necessary elements under the concert-of-action theory of liability, the court then looked to the general rule of law governing passenger liability. Finding the necessary elements lacking there as well, the court determined there was no genuine issue of material fact regarding the liability of Linda Liberis toward the plaintiff's decedent.

Moreover, support for the court's approach in *Wolf* is found at 7A Am. Jur. 2d *Automobiles and Highway Traffic* §635 (1980). That section states in pertinent part:

> "As a general rule, an occupant of a motor vehicle other than the driver is not liable for injury to a third person due to the negligence of the driver, in the absence of evidence that the occupant had some control over the driver, or that the driver was in the occupant's employ, or that the driver and the occupant were engaged in a joint enterprise. However, a guest may be held liable for the consequences of the driver's negligent operation of his motor vehicle, where the guest directs or encourages the negligent act, or personally co-operates therein." 7A Am. Jur. 2d *Automobiles and Highway Traffic* §635 (1980).

Many States have recognized the distinction between the duty to control theory and the concert-of-action theory. In *Cobb v. Indian Springs, Inc.* (1975), 258 Ark. 9, 522 S.W.2d 383, the Arkansas Supreme Court relied on section 876 to overturn a directed verdict in favor of a defendant who encouraged a driver of an automobile to drive at a recklessly excessive rate of speed. In that case, the defendant encouraged his codefendant, the driver of the automobile, to demonstrate how fast his car could go, although he warned the driver to decrease his speed as he came over the hill. The defendant and a group of the driver's friends stood on the side of the road near defendant's car to watch. As the driver came over the hill, one of his friends jumped out in the road to warn him to slow down. The driver lost control of the car, striking the defendant's car and killing one of the teenagers sitting on the hood of the car. *Cobb*, 258 Ark. at 10-16, 522 S.W.2d at 383-87.

The court drew an analogy between the facts of that case and a scenario in which two defendants have been racing their automobiles side by side on a public highway. The court stated that clearly in that situation, each defendant would be liable for any injuries to third persons as a result of the race. (*Cobb*, 258 Ark. at 18, 522 S.W.2d at 388.) After considering the facts of the case before it, the court concluded that a jury could conclude the defendant encouraged and incited his codefendant to engage in tortious conduct and thus was guilty of negligence himself. *Cobb*, 258 Ark. at 17, 522 S.W.2d at 387-88.

The supreme court of Connecticut was faced with a similar situation. In *Slicer v. Quigley* (1980), 180 Conn. 252, 429 A.2d 855, there was conflicting evidence as to whether a passenger verbally encouraged the driver's negligent and reckless driving just prior to a collision with a motorcycle. The court relied upon section 876 to find there was a sufficient basis for the trial court to instruct the jury on a charge of negligence against the passenger in giving substantial encouragement to the negligent actions of the driver. The jury returned a verdict in favor of the defendant passenger.

In *Price v. Halstead* (W. Va. 1987), 355 S.E.2d 380, the supreme court of appeals of West Virginia held that a passenger may be found liable for injuries to a third party. The court found the intoxication of the driver of the vehicle in which the passenger was riding proximately caused the accident resulting in the third party's injuries and the passenger's conduct substantially encouraged or assisted the driver's alcohol or drug impairment. *Price*, 355 S.E.2d at 389.

However, defendant argues under Illinois law, in cases where the courts have addressed the liability of one passenger to another pas-

senger as a result of negligent driving by the driver of the vehicle, the courts have declined to impose liability under section 876 of the Restatement (Second) of Torts. In fact, the cases to which the defendant refers do not involve causes of action arising under section 876.

In making his argument, defendant refers to four cases: (1) *Palmer v. Miller* (1942), 380 Ill. 2d 256; (2) *Fugate v. Galvin* (1980), 84 Ill. App. 3d 573; (3) *Tosh v. Scott* (1984), 129 Ill. App. 3d 322; and (4) *Baker v. Walker* (1988), 173 Ill. App. 3d 836. After examining these cases, it is clear they do not address causes of action under the plaintiffs' concert-of-action theory, but rather the duty to control theory previously mentioned.

In *Palmer v. Miller* (380 Ill. 256), one of the allegations made by the plaintiff, Mrs. Palmer, was that defendant, Miller, a passenger, should be liable for injuries received by the plaintiff due to the negligence of driver Dan Park. Plaintiff claimed that because the car belonged to the defendant's mother, because the defendant was riding in the front passenger seat while Park was driving and was presumed to be in control of the car, and because the trip was made for the defendant's benefit, the defendant should be held liable. (*Palmer*, 380 Ill. at 260.) The court held liability for damage caused by the negligent acts of the driver (not arising under the doctrine of *respondeat superior*) does not attach against a person other than the driver unless that person is the owner of the automobile or possesses the right to control the driving of it. In those situations, the court held a duty on the part of the passenger to control the driver exists. *Palmer*, 380 Ill. at 260.

The issue before the *Palmer* court was whether the defendant should be held liable because he had a duty to control the conduct of the driver. The issue at hand is entirely different. Here, as stated previously, plaintiffs are not asserting that Bechina had a duty to control the conduct of Schwartz. Instead, plaintiffs are claiming Bechina had a duty to control his own behavior. Because he did not, plaintiff asserts Bechina is liable under a theory of concert of action, or encouraging the negligent conduct of Schwartz.

The same distinction can be made between the present case and *Fugate v. Galvin* (84 Ill. App. 3d 573). In that case, Harry Nosal asked defendant, Brian Galvin, to drive him to a friend's house, knowing that Galvin was intoxicated. Galvin drove Nosal to the friend's house without incident, but on the way home struck the plaintiff, who was walking along the shoulder of the road. (*Fugate*, 84 Ill. App. 3d at 573.) The plaintiff argued that because Nosal put Galvin in motion,

he was liable for the plaintiff's injuries. *Fugate*, 84 Ill. App. 3d at 573-74.

However, plaintiff did not make this argument under a concert-of-action theory based on section 876 of the Restatement (Second) of Torts. Instead, plaintiff referred the court to section 308, which places a duty on the defendant where a third party uses a thing or engages in an activity under the defendant's control. (*Fugate*, 84 Ill. App. 3d at 575.) Plaintiff also cited section 307, which places a duty on the defendant where he uses an incompetent as his instrumentality. *Fugate*, 84 Ill. App. 3d at 575.

The court, citing section 315 of the Restatement, stated that a passenger's mere request to the driver to take him to a destination cannot create a duty. (*Fugate*, 84 Ill. App. 3d at 574, 576.) In denying the plaintiff's cause of action against Nosal, the court reasoned the policy of requiring individuals to take responsibility for their own acts militates against the creation of a new duty. This statement is inapposite to the plaintiffs' argument in the present case. The plaintiffs contend Bechina should be held liable for his own conduct, not for his failure to control the conduct of Schwartz.

In *Tosh v. Scott* (129 Ill. App. 3d 322), the court found no cause of action to exist for the negligent sale of an automobile where the defendant sold his automobile to his adult son in spite of the fact that he knew or should have known that his son did not have a valid driver's license, that his son had a severe drinking problem, and that his son had been convicted on three prior occasions for operating a vehicle while intoxicated. (*Tosh*, 129 Ill. App. 3d at 323.) Although there were no Illinois cases dealing with the negligent sale of an automobile, the court relied upon the reasoning used by the *Fugate* court in denying the cause of action. The court also cited a Tennessee case with similar facts in which the court noted the difficulty in creating a line of demarcation when imposing liability under those circumstances.

> " 'If a father incurs liability by giving an automobile to his son, knowing him to be [a] drunken or incompetent driver, when would it end? Would it last for the life of the automobile? Would it apply to a new automobile in the event of a trade-in? Or would liability attach to a dealer who sold an automobile to a known incompetent or drunken driver? Or to a filling station operator who sold such person gas, knowing of his propensity?' " *Tosh v. Scott*, 129 Ill. App. 3d at 323-24, quoting *Brown v. Harkleroad* (1955), 39 Tenn. App. 657, 665, 287 S.W.2d 92, 96.

While the court expressed a valid concern, such a concern appears to be unwarranted in the present case. The elements of section 876 require such affirmative conduct that one's own actions create a duty. Under section 876, liability may be imposed only in instances where the defendant's conduct is more than benign. Selling an automobile is not in and of itself a wrongful act. The plaintiff in *Tosh* was arguing that it became a wrongful act when the person to whom it was sold was a known drunk. The court did not want to go that far in extending liability, preferring the approach of the *Fugate* court (*i.e.*, individuals should take responsibility only for their own acts).

In the present case, the plaintiffs are arguing the actions of Bechina were wrongful in and of themselves. Unlike the act of selling someone an automobile, substantially encouraging anyone to drive in a reckless manner is a wrongful act, no matter who is being encouraged to drive that way. Section 876 recognizes this distinction.

Lastly, defendant relies on *Baker v. Walker* (173 Ill. App. 3d 836). Again, plaintiff in that case did not proceed under a concert-of-action theory as do the plaintiffs in the present case, but rather a joint venture theory involving a duty to control. Plaintiff alleged that because both the defendant and the driver of the vehicle were employed by the same company and took turns driving the vehicle, the defendant possessed a right to control the vehicle and, therefore, was liable for the driver's negligence. *Baker*, 173 Ill. App. 3d at 837-38.

The court stated the mere fact that the defendant may have possessed control over the vehicle does not lead inexorably to the conclusion that the defendant also maintained control over the driver. The court noted coemployees possess no inherent right to direct the conduct of each other. (*Baker*, 173 Ill. App. 3d at 839.) Again, the crux of the plaintiff's argument in *Baker* was that the defendant had a duty to control the conduct of the driver, thus distinguishing that case from the one at hand.

■ As alleged, the facts of the present case fall squarely within the definition of joint concerted tortious activity as defined under section 876 of the Restatement of Torts (Restatement (Second) of Torts §876 (1979)). Accordingly, we reverse the trial court's dismissal of counts IV through VIII of plaintiffs' second amended complaint. We leave it to the trier of fact to determine whether the conduct of defendant Bechina actually constituted substantial assistance or encouragement. It is important to note the discussion in the Restatement as to what constitutes substantial assistance or encouragement. As the Restatement points out, the participation or assistance may be so slight that liability will not be imposed. (Restatement (Second) of

Torts §876(b), Comment *d* (1979).) The determination of whether Bechina's conduct constituted "substantial encouragement" is a question of fact for the jury.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and NICKELS, JJ., concur.