No. 2--05--0872                                      filed 4/19/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| NANCY HUDKINS, Individually and as<br>Special Administrator of the Estate of<br>Brandy Hudkins, Deceased,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>TARA EGAN,<br><br>    Defendant-Appellant<br><br>(Byron Kight, Samantha Lichocki, Stacy<br>Winslow, Elizabeth Wolfe, and Laura Cerny,<br>Defendants). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the Circuit Court<br>of Kane County.<br><br><br><br><br>No. 03--LK--272<br><br><br><br><br><br>Honorable<br>    F. Keith Brown,<br>Judge, Presiding. |

_____

____

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The plaintiff, Nancy Hudkins, on behalf of the deceased, Brandy Hudkins, filed wrongful death and survival actions in the circuit court of Kane County against defendants Tara Egan, Byron Kight, Samantha Lichocki, Stacy Winslow, Elizabeth Wolfe, and Laura Cerny. The controversy arose after Brandy was killed in an automobile accident while participating in a "joyride" with the defendants. Egan filed a motion to dismiss seeking to avoid liability based on the principle that, in general, a person other than the driver of a vehicle is not held liable for negligent acts of the driver unless that person is the owner of

the vehicle or has the right to control that vehicle. The trial court denied Egan's motion, finding that section 876 of the Restatement (Second) of Torts (Restatement (Second) of Torts §876 (1979)), an exception to the above principle, was applicable. Upon motion by Egan, the trial court certified the following question for interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308): "Does a plaintiff qualify as a 'third person' for purpose of bringing a suit under § 876 of the Restatement (Second) of Torts, which provides, 'For harm resulting to a third person from the tortious conduct of another, one is subject to liability . . .,' if the plaintiff is the direct tortfeasor."

On February 24, 2005, the plaintiff filed her fourth amended complaint. As alleged in the complaint, on July 20, 2002, Brandy, Egan, Kight, Lichocki, Winslow, Wolfe, and Cerny were at a mutual friend's house and collectively decided to go "joyriding." Brandy, Egan, and the other defendants took turns driving two cars, one owned by Kight and one owned by Lichocki, along a gravel road at speeds in excess of 80 miles per hour. Kight allowed Brandy and Winslow to operate his vehicle, although he knew them to be unlicensed. Lichocki allowed Brandy and Wolfe to operate her vehicle, although she knew them to be unlicensed.

At one point, Brandy drove Kight's vehicle along the gravel road while at the same time Lichocki drove her car along the gravel road in the opposite direction. Kight, Egan, and Winslow were passengers in Kight's vehicle. Wolfe and Cerny were passengers in Lichocki's vehicle. Brandy swerved to avoid Lichocki's vehicle, then lost control of Kight's car, struck a pole, and was fatally injured in the accident.

As to Egan, the complaint alleged that Egan encouraged the joyride by shouting, laughing, saying words such as "faster," and taking turns driving in a dangerous manner.

Additionally, the complaint alleged that Egan owed a duty to exercise ordinary care in the operation of the vehicle. The complaint further alleged that Egan breached her duty of care in that she:

"(a) encouraged and acted in concert with the decedent and others to engage in reckless driving at excessive speed in violation of 625 ILCS 5/11--503.

(b) encouraged and acted in concert with [d]efendants Stacy Winslow and Elizabeth Wolfe to operate vehicles without requisite licensing, in violation of 625 ILCS 5/6--101(a);

(c) encouraged plaintiff's decedent to operate a motor vehicle in absence of a parent, legal guardian, or a person in loco parentis who is 21 years or older, in violation of 625 ILCS 5/6--107.1 ***."

Finally, the complaint alleged that as a direct and proximate cause of Egan's negligent acts and/or omissions, Brandy suffered grievous injuries and eventually died.

On April 14, 2005, Egan filed a motion to dismiss the lawsuit as to her. In her motion, Egan argued that, under the general rule adopted in Sanke v. Bechina, 216 Ill. App. 3d 962, 963-64 (1991), a person other than the driver of a vehicle cannot be held liable for negligent acts of the driver unless that person owns the vehicle or has the right to control the vehicle. On June 30, 2005, the trial court denied the motion, finding that section 876 of the Restatement (Second) of Torts, an exception to the general rule also adopted in Sanke, was applicable.

Section 876 of the Restatement provides:

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

(a) does a tortious act in concert with the other or pursuant to a common design with him or

(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."  Restatement (Second) of Torts §876 (1979).

On July 30, 2005, Egan filed a motion for leave to file an interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  On August 18, 2005, the trial court granted Egan's motion, finding that its dismissal order involved a question of law as to which there is substantial ground for difference of opinion.  The trial court certified the following question of law: "Does a plaintiff qualify as a 'third person' for purpose of bringing a suit under §876 of the Restatement (Second) of Torts, which provides, 'For harm resulting to a third person from the tortious conduct of another, one is subject to liability . . .,' if the plaintiff is the direct tortfeasor."  This court thereafter allowed the appeal.

Supreme Court Rule 308 provides in part

When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved.    The Appellate Court may thereupon in its discretion allow an appeal from the order.  155 Ill. 2d R. 308 a .

The scope of review in an interlocutory appeal under Rule 308 is ordinarily limited to the question certified by the trial court, which, because it must be a question of law, is reviewed de novo. Bauer v. Giannis, 359 Ill.

App. 3d 897, 902 2005 . Generally, our jurisdiction is limited to considering the question certified and we cannot address issues outside that area. *Sassali v. DeFauw*, 297 Ill. App. 3d 50, 51 1998 . Except where interests of judicial economy and equity lie, we must simply answer the certified question without ruling on the propriety of any underlying order. *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 998 2004 .

In answering the certified question in the instant appeal, we start with a thorough examination of *Sanke*. In that case, allegedly, Richard Schwartz was driving his Ford Mustang while the defendant was riding in the front passenger seat. *Sanke*, 216 Ill. App. 3d at 963. The plaintiffs' decedent, Heather Sanke, and another passenger, Amy Vita, were riding in the rear passenger seats of the vehicle. *Sanke*, 216 Ill. App. 3d at 963. The defendant verbally encouraged Schwartz to exceed the 25-mile-per-hour speed limit and advised him to disregard a stop sign. Schwartz lost control of the vehicle, which careened over a curb and into a cluster of trees. *Sanke*, 216 Ill. App. 3d at 963. Heather Sanke died as a result of the crash and the plaintiffs, Heather Sanke's parents, brought a wrongful death action against the defendant. The trial court dismissed the cause of action and the plaintiffs appealed. *Sanke*, 216 Ill. App. 3d at 963.

On appeal, the Appellate Court, Second District, noted the well-settled principle that in Illinois, a passenger generally has no duty to control the conduct of the driver of a vehicle. *Sanke*, 216 Ill. App. 3d at 963-64. A person other than the driver is not typically held liable for damages caused by negligent acts of the driver unless that person is the owner of the vehicle or has the right to control that vehicle. *Sanke*, 216 Ill. App. 3d at 964. "[W]here the passenger neither owns the car nor hires the driver, the driver has the last word and is the only one who could prevent the injury by his decision whether (or how) to

drive." Sanke, 216 Ill. App. 3d at 964.

However, the Sanke court also noted that the plaintiffs were not asserting that the defendant had a duty to control Schwartz in order to prevent him from driving recklessly. Sanke, 216 Ill. App. 3d at 964. Instead, the plaintiffs were asserting that the defendant was a contributing tortfeasor, as under section 876 of the Restatement (Second) of Torts, which states that one can be liable for the tortious acts of another to a third person if he (1) acts in concert with the tortfeasor pursuant to a common design with him; (2) gives substantial assistance or encouragement to the tortfeasor and knows that the tortfeasor's conduct constitutes a breach of duty; or (3) gives substantial assistance to the tortfeasor and his own conduct, separately considered, constitutes a breach of duty to the third person. Sanke, 216 Ill. App. 3d at 964, quoting Restatement (Second) of Torts §876 (1979).

The Sanke court then reversed the trial court's dismissal. Sanke, 216 Ill. App. 3d at 971. In so ruling, it found that the defendant's action could constitute joint concerted tortious activity under section 876 of the Restatement. Sanke, 216 Ill. App. 3d at 971. The Sanke court determined that it was for the trier of fact to determine whether the defendant had substantially assisted or encouraged Schwartz so as to impose liability on the defendant for Heather Sanke's death. Sanke, 216 Ill. App. 3d at 971.

Clearly, the issue in Sanke is somewhat different from that in the present case. In Sanke, the plaintiffs sought to hold the defendant liable for acting in concert with the direct tortfeasor, Schwartz, and causing the death of a third person, Heather Sanke. In this case, the plaintiffs are seeking to hold the defendant liable for acting in concert with the decedent, Brandy Hudkins. The plaintiffs are seemingly alleging that Brandy Hudkins is both the direct tortfeasor and the third person entitled to recover.

The plain language of the Restatement indicates that this is not possible. The Restatement specifically sets forth that three people are involved in a claim pursuant to section 876. These persons are a direct tortfeasor, an indirect tortfeasor who provides aid or encouragement to the direct tortfeasor, and a third-person victim who has been harmed. In the present case, Brandy Hudkins is the direct tortfeasor and Egan is the indirect tortfeasor. Obviously, Brandy Hudkins cannot also be the third-person victim.

We note that the plaintiff argues that she, the administratrix of Brandy's estate, was not the direct tortfeasor or a participant in the alleged concerted activity and that, therefore, she should be permitted to recover as a third person under section 876 of the Restatement. We disagree. The Wrongful Death Act (740 ILCS 180/1 et seq. (West 2002)) permits recovery only where the deceased would have had a cause of action, had he or she survived. Wyness v. Armstrong World Industries, Inc., 131 Ill. 2d 403, 412 (1989). Likewise, the Survival Act (755 ILCS 5/27--6 (West 2002)) permits recovery only for causes of action that accrued during the decedent's life. Bryant v. Kroger Co., 212 Ill. App. 3d 335, 336-37 (1991). As Brandy was the alleged direct tortfeasor and would not have been permitted to recover as a third-person victim under section 876 of the Restatement had she survived, the plaintiff also cannot recover.

Finally, we note that the plaintiff argues that Egan can be liable pursuant to section 876 of the Restatement for acting in concert with and encouraging Kight to negligently entrust his car to Brandy. The plaintiff argues that under a negligent entrustment scenario, Brandy would not be both a direct tortfeasor and a third-person victim, she would simply be a third-person victim. However, the plaintiff failed to allege this theory of joint concerted negligent entrustment in her complaint. The plaintiff merely alleged that Egan "encouraged and acted in concert with the decedent and others to engage in reckless driving and speeding," "encouraged and acted in concert with defendants Stacy Winslow and Elizabeth Wolfe to operate vehicle without requisite licensing," and encouraged "plaintiff's decedent to operate a motor vehicle in absence of a parent, legal

guardian, or a person in _loco parentis_. It is well settled that the plaintiff may not raise a new theory of recovery for the first time on appeal. _Pagano v. Occidental Chemical Corp._, 257 Ill. App. 3d 905, 911 1994 .

In sum, we answer the certified question in the negative. For purposes of section 876 of the Restatement, one cannot be both the direct tortfeasor and a third person entitled to recover. In so ruling, this court has limited itself to the question certified. We make no determination as to whether the plaintiff has stated an alternative cause of action against Egan or as to the propriety of the trial court s denial of Egan s motion to dismiss. See _P.J. s Concrete Pumping_, 345 Ill. App. 3d at 998.

For the foregoing reasons, the certified question has been answered in the negative.

Certified question answered.

O'MALLEY and CALLUM, JJ., concur.