# Illinois Official Reports

## Appellate Court

***Borcia v. Hatyina*, 2015 IL App (2d) 140559**

| | |
|---|---|
| Appellate Court Caption | MARGARET BORCIA, as Special Administrator of the Estate of Antonio Borcia, Deceased; ERIN BORCIA, a Minor, Through Her Mother and Next Friend, Margaret Borcia; JOSEPH BORCIA, a Minor, Through His Mother and Next Friend, Margaret Borcia; KALEIGH BORCIA; and JAMES BORCIA, Plaintiffs-Appellants, v. DAVID HATYINA, SPRING LAKE MARINA, LTD., and FOX WATERWAY AGENCY, Defendants (Renee Melbourn, Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-14-0559 |
| Filed | April 14, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 12-L-961; the Hon. James R. Murphy, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | J. Matthew Dudley, of Dudley & Lake, LLC, and Mark J. Vogg, of Law Offices of Mark J. Vogg, both of Libertyville, for appellants.<br><br>Guy M. Conti and Mark B. Ruda, both of Condon & Cook, LLC, of Chicago, for appellee. |

Panel                          JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Hudson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1      Plaintiffs, Margaret Borcia, as special administrator of the estate of Antonio Borcia, deceased, Erin and Joseph Borcia, minors, through their mother and next friend, Margaret Borcia, Kaeleigh Borcia, and James Borcia, filed personal-injury and wrongful-death actions against defendants, David Hatyina, Renee Melbourn, Spring Lake Marina, Ltd., and Fox Waterway Agency, for damages they sustained in a boating accident, which claimed the life of 10-year-old Antonio Borcia. Plaintiffs appeal from the trial court's dismissal with prejudice of their second amended complaint against Melbourn. The trial court found that plaintiffs failed to state claims for wrongful death based on an "in-concert" theory of liability and the negligent infliction of emotional distress, and it then dismissed the counts against Melbourn pursuant to section 2-615 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2012)). Melbourn is the only defendant involved in this appeal. For the following reasons, we reverse and remand for further proceedings.

¶ 2                                  I. BACKGROUND

¶ 3      On December 13, 2012, plaintiffs filed a 10-count complaint against Hatyina and Melbourn. This appeal concerns counts VI and VII, directed against Melbourn. Count VI attempted to allege a claim for wrongful death based on an in-concert theory of liability. Count VII attempted to allege a claim for negligent infliction of emotional distress. As amended, plaintiffs' complaint reflected the following allegations, which are taken as true for purposes of this appeal (see *Doe v. Chicago Board of Education*, 213 Ill. 2d 19, 28 (2004)).

¶ 4      On July 28, 2012, Hatyina was operating a 29-foot cigarette boat named "Purple Haze" on Petite Lake in Lake Villa; Melbourn was a passenger in the boat. James Borcia was operating a pontoon boat, and Antonio and Erin were riding in inflatable tubes being towed by the pontoon boat. While being towed, Antonio fell off the tube and was floating on the water. Antonio was wearing a red personal floatation device and waving both of his arms above his head so others could see him in the water.

¶ 5      During this time, Hatyina had been consuming alcohol and cocaine. Hatyina was impaired by the alcohol and cocaine and was operating the boat at speeds in excess of 40 miles per hour. Hatyina struck Antonio with the boat. Antonio suffered severe injuries that resulted in his death on July 28.

¶ 6      Melbourn resided with and had a romantic relationship with Hatyina for several years. Melbourn knew that Hatyina had a history of drug and alcohol abuse and dependency. On or prior to July 28, 2012, Melbourn contributed money to purchase alcohol and cocaine that she and Hatyina would consume.

¶ 7      On July 28, 2012, Melbourn, after contributing money to purchase and purchasing cocaine, provided Hatyina with cocaine while they were both occupying the cigarette boat. While on the boat, Melbourn consumed cocaine and observed Hatyina consume cocaine.

Melbourn provided Hatyina with numerous alcoholic beverages and consumed alcohol with Hatyina while they were both on the boat. Prior to the boating accident, Melbourn observed Hatyina become obviously impaired by his consumption of alcohol and cocaine, as shown by his slurred speech, bloodshot eyes, and erratic behavior. Melbourn continued to provide alcohol and cocaine to Hatyina while he was operating the boat. Melbourn knew that providing Hatyina with and encouraging his consumption of alcohol and cocaine would result in his intoxication and further impair his ability to safely operate the boat.

¶ 8　　Plaintiffs further alleged that Melbourn had a duty to exercise reasonable care so as to not proximately cause injury to other persons who were also using the lake.

¶ 9　　Plaintiffs alleged that Melbourn, after providing both alcohol and cocaine to Hatyina in amounts that made him obviously impaired, verbally encouraged Hatyina to drive the boat at speeds in excess of 40 miles per hour and in an otherwise reckless and dangerous manner while on the lake near other boaters, swimmers, and people being pulled on tubes.

¶ 10　　With respect to count VI, plaintiffs alleged that Melbourn breached her duty and was negligent in one or more of the following respects:

>	"Violated section 5-16(E) [of the Boat Registration and Safety Act (625 ILCS 45/5-16(E) (West 2012))] in that she verbally encouraged the unsafe operation of the boat at speeds in excess of 40 miles per hour by Hatyina while he was under the influence of alcohol, cocaine, or a combination;

>	Substantially assisted and/or encouraged *** Hatyina to operate said watercraft under the influence of alcohol, cocaine, or a combination thereof, when she knew or should have known consumption of alcohol and/or cocaine while operating said watercraft was negligent and careless, so as to compromise the safety of other occupants of the 'Chain of Lakes'; and

>	Acted in concert with *** Hatyina in that she actively participated in his consumption of alcohol and cocaine which caused him to become intoxicated while operating the aforementioned watercraft while impaired so as to compromise the safety of others on the 'Chain of Lakes.' "

¶ 11　　With respect to count VII, related to Erin, plaintiffs alleged that Antonio and Erin were riding on the same inflatable tube. When Antonio fell off of the tube, Erin was in close proximity to him. She observed Hatyina strike and kill her brother with the boat. Erin was less than 50 feet from the collision and in the direct path of the boat, and she feared that the boat was going to hit her too.

¶ 12　　Plaintiffs alleged that Melbourn created an unreasonable risk of causing bodily harm or emotional trauma to Erin. As a direct and proximate result of Melbourn's negligence, Erin suffered physical injury and emotional distress, which resulted in the need for continued medical and psychological treatment and counseling.

¶ 13　　On October 3, 2013, Melbourn filed a motion to dismiss counts VI and VII pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)). The trial court granted the motion. The trial court stated, "[t]he common purchase of [cocaine] and alcohol and consuming those on the boat and acting in concert, right now there's insufficient allegations of fact to allege that and right now there appears to be no duty to decedent under the cases. I think you need to bring those allegations as much as you can within the cases cited *** where the encouragement is not just tantamount to encouraging you to go faster by the

purchase of drugs and alcohol and co-consuming those with the defendant *** but there has to be something additional. I think that's what those cases say ***."

¶ 14    On January 29, 2014, plaintiffs filed a second amended complaint, and, in count VI, attempted to assert a claim under the Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 2012)), based on a duty imposed by section 876 of the Restatement (Second) of Torts (Restatement (Second) of Torts § 876 (1979)). In count VII, plaintiffs attempted to renew the claim for negligent infliction of emotional distress, based on Erin's presence in the zone of physical danger.

¶ 15    On February 19, 2014, Melbourn filed a motion to dismiss pursuant to section 2-615 of the Code. The parties fully briefed the issue, and the trial court conducted a hearing on April 25, 2014.

¶ 16    On May 8, 2014, the trial court granted Melbourn's motion to dismiss, with prejudice. As to count VI, the court found that plaintiffs had "alleged insufficient facts to establish 'substantial assistance or encouragement' for establishing a duty by Melbourn to attach under section 876 of the Restatement (Second) of Torts." The trial court further found that the only facts plaintiffs alleged were that "defendant Melbourn provided and consumed alcohol and drugs with defendant Hatyina." The trial court determined that there was no section 876 liability on the facts alleged.

¶ 17    The trial court also dismissed count VII on the basis that, "[i]f there is no duty on Count VI, there is also no duty on Count VII." The trial court did not address Melbourn's other argument, that plaintiffs did not plead sufficient facts to place Erin in the "zone of physical danger."

¶ 18    Plaintiffs filed a timely notice of appeal.


¶ 19                                    II. ANALYSIS

¶ 20    As noted above, the trial court granted Melbourn's section 2-615 motion to dismiss and dismissed counts VI and VII of plaintiffs' complaint with prejudice. A motion to dismiss brought pursuant to section 2-615 attacks the legal sufficiency of the complaint. *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004). When ruling on such a motion, the court must accept as true all well-pleaded facts in the complaint, as well as any reasonable inferences that may arise from them. *Doe v. Chicago Board of Education*, 213 Ill. 2d 19, 28 (2004). The merits of the case, at this point, are not yet considered. See *Kilburg v. Mohiuddin*, 2013 IL App (1st) 113408, ¶ 19. However, a court cannot accept as true mere conclusions unsupported by specific facts. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). The court is to construe the complaint liberally and should not dismiss it unless it is clearly apparent from the pleadings that "no set of facts can be proved which would entitle *** plaintiff[s] to recover." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008). The critical inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action on which relief may be granted. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 61. We review *de novo* an order granting a section 2-615 motion to dismiss. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

¶ 21    Illinois is a fact-pleading state. *Time Savers, Inc. v. LaSalle Bank, N.A.*, 371 Ill. App. 3d 759, 767 (2007). This means that, although pleadings are to be liberally construed and formal

or technical allegations are not necessary, a complaint must, nevertheless, contain facts to state a cause of action. *Purmal v. Robert N. Wadington & Associates*, 354 Ill. App. 3d 715, 720 (2004). The complaint is deficient when it fails to allege the facts necessary for a plaintiff to recover. See *Doe v. Chicago Board of Education*, 339 Ill. App. 3d 848, 853 (2003). "But it is a rule of pleading long established, that a pleader is not required to set out his evidence. To the contrary, only the ultimate facts to be proved should be alleged and not the evidentiary facts tending to prove such ultimate facts." *Board of Education of the Kankakee School District No. III v. Kankakee Federation of Teachers Local No. 886*, 46 Ill. 2d 439, 446-47 (1970).

¶ 22    With these principles in mind, we will review the trial court's section 2-615 dismissal of count VI and count VII of plaintiffs' second amended complaint.

¶ 23    Count VI of plaintiffs' complaint sought relief based on an in-concert theory of liability. Section 876 of the Restatement (Second) of Torts provides a basis upon which a party, who is injured from the tortious conduct of a second party, may seek relief in the event that a duty from a third party is found to exist. See Restatement (Second) of Torts § 876 cmt. d (1979). This is a recognized cause of action in Illinois. See *Simmons v. Homatas*, 236 Ill. 2d 459 (2010); *Sanke v. Bechina*, 216 Ill. App. 3d 962 (1991).

¶ 24    The ultimate facts required to be pleaded for a general cause of action based on common-law negligence are the existence of a duty owed by the defendant to the plaintiff, the breach of that duty, and the injury proximately caused by that breach. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140 (1990). Unless a duty is owed, there can be no recovery in tort for negligence. *American National Bank & Trust Co. of Chicago v. National Advertising Co.*, 149 Ill. 2d 14, 26 (1992). Whether a duty exists is a question of law for the court to decide and is reviewed *de novo*. *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 226 (2010).

¶ 25    For a cause of action based on an in-concert theory of liability, section 876 of the Restatement (Second) of Torts provides in pertinent part:

> "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
>
> ***
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself[.]" Restatement (Second) of Torts § 876 (1979).

¶ 26    Section 876 of the Restatement (Second) of Torts becomes operative when "harm result[s] *** from the tortious conduct of another." See Restatement (Second) of Torts § 876 cmt. d (1979). Comment d states:

> "Advice or encouragement to act operates as a moral support to a tortfeasor and if the act encouraged is known to be tortious it has the same effect upon the liability of the adviser as participation or physical assistance. If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act. *** [The rule] likewise applies to a person who knowingly gives substantial aid to another who, as he knows, intends to do a tortious act."

¶ 27    In the present case, plaintiffs contend that the trial court erred when it dismissed count VI after finding that they had not alleged sufficient facts to trigger liability under section 876 of

the Restatement (Second) of Torts. Plaintiffs' complaint alleged that Melbourn assisted and encouraged Hatyina in operating his boat while intoxicated. Plaintiffs argue that this allegation alone was sufficient to withstand a dismissal motion; however, plaintiffs argue that they presented additional allegations to ensure that their pleadings were sufficient. Plaintiffs further alleged that Melbourn bought the alcohol and cocaine used by Hatyina, consumed alcohol and cocaine with Hatyina on the boat and while Hatyina was driving the boat, and encouraged Hatyina to continue to operate the boat, at an unsafe speed, despite his overt signs of impairment, including slurred speech and bloodshot eyes.

¶ 28    Melbourn counters that the only well-pleaded fact plaintiffs alleged in their attempt to impose a duty was that she provided intoxicating substances to Hatyina, which cannot serve as a basis of liability. Melbourn asserts that the other allegations are either surplusage or conclusions, which cannot be considered, and that plaintiffs thus failed to allege any specific facts that trigger liability under section 876 of the Restatement (Second) of Torts.

¶ 29    Both parties discuss a number of cases dealing with in-concert liability under section 876 of the Restatement (Second) of Torts, but two are particularly instructive: one from our supreme court, *Simmons v. Homatas*, 236 Ill. 2d 459 (2010), and one from our appellate district, *Sanke v. Bechina*, 216 Ill. App. 3d 962 (1991).

¶ 30    In *Simmons*, the decedents were fatally injured due to intoxicated driving by Homatas, who had been a patron at a strip club that was not a dramshop but allowed customers to consume alcohol while on the premises. *Simmons*, 236 Ill. 2d at 461. The plaintiffs filed a cause of action alleging that the operator of the club, On Stage, negligently encouraged Homatas to consume alcoholic beverages until he became intoxicated and then required him to drive off the premises, causing the collision that killed the plaintiffs' decedents. *Id.* The plaintiffs further alleged that the club "knew or should have known" that Homatas was intoxicated and leaving the premises by driving a vehicle in that inebriated state. *Id.* at 465.

¶ 31    The supreme court determined that On Stage could be held liable to the plaintiffs, not as a result of any provision of alcohol, but as a result of the encouragement of or assistance in tortious conduct. A duty toward the plaintiffs' decedents arose because On Stage "took on the burden of determining whether Homatas was dangerously intoxicated when club employees discovered him vomiting in the restroom, a likely result of his intoxication. On Stage, on its own initiative, made this determination and expelled Homatas from the club." *Id.* at 475. The employees had told the valet service to bring Homatas's car to the front door. When the car arrived, the employees opened the door and told Homatas to leave. Our supreme court found that the plaintiffs' complaint sufficiently stated a cause of action for common-law negligence under section 876 of the Restatement (Second) of Torts. *Id.* at 478. The court stated that "On Stage acquired a duty not to encourage and assist Homatas in the tortious conduct of driving while intoxicated" and "that the Dramshop Act does not preempt plaintiffs' common law claims in this case, and does not preclude imposing a duty of care on On Stage." *Id.* at 475.

¶ 32    In *Sanke*, the parents of a passenger killed in a car accident sued the driver and another passenger under negligent-driving and concert-of-action theories respectively. *Sanke*, 216 Ill. App. 3d at 963. In the front seat were the driver and a passenger; in the backseat were the decedent and another passenger. The plaintiffs asserted that the defendant (front seat) passenger was a contributing tortfeasor whose encouragement of the negligent driving constituted substantial assistance and was a proximate cause of their daughter's death. The

- 6 -

trial court dismissed the complaint against the passenger for failure to state a cause of action, holding that liability for the negligent act of a driver did not attach against a person other than the driver, unless that person was the vehicle's owner or had the right to control the vehicle. In reversing and remanding, this court held that the passenger could be held liable, not under a duty to control the driver's actions, but under a duty to control his own behavior. We found that the facts of the case fell squarely within the definition of joint concerted tortious activity as defined under section 876 of the Restatement (Second) of Torts. We concluded that the determination of whether the passenger's conduct constituted substantial encouragement was a jury question. *Id.* at 971-72.

¶ 33    In both *Simmons* and *Sanke*, the pleadings alleged affirmative conduct on the defendant's part that amounted to an assertion of undetermined "substantial assistance or encouragement" of another person, which increased the risk of harm to that person and to others. In the present case, therefore, we consider whether, taken as true, plaintiffs' allegations, as well as any reasonable inferences that arise from them (*Doe*, 213 Ill. 2d at 28), construed in the light most favorable to plaintiffs (*Sheffler*, 2011 IL 110166, ¶ 61), are sufficient to establish a cause of action for in-concert liability under section 876 of the Restatement (Second) of Torts.

¶ 34    We conclude that plaintiffs have sufficiently pleaded a cause of action for in-concert liability under section 876 of the Restatement (Second) of Torts. Plaintiffs' complaint alleged that Hatyina and Melbourn were in Hatyina's boat on July 28, 2012; we may infer that no others were present in the boat to report on the specific interactions between them. Plaintiffs' complaint alleged that Hatyina and Melbourn were consuming alcoholic beverages and cocaine and that Hatyina became obviously impaired. Plaintiffs' complaint alleged that Hatyina and Melbourn went for a boat ride, and Hatyina was operating the craft. Pursuant to section 2-615 of the Code, we may reasonably infer that, in addition to Hatyina's boat, there were other watercraft on the lake, including a pontoon boat that James was operating. The pleadings reflect, and we may infer, that other watercraft, swimmers, and people using equipment were occupying and using the lake for their enjoyment. Hatyina's boat reached speeds in excess of 40 miles per hour. Given Hatyina's degree of intoxication and impairment, we may infer that the speed and conditions under which he was operating the boat were unsafe for them and any other individual on the lake at that time. Plaintiffs alleged that Melbourn encouraged Hatyina's continued conduct of operating the boat at an unsafe speed in his significantly impaired state. We may infer that Melbourn's encouragement served as an affirmative act, leading Hatyina to continue operating the boat in an unsafe manner. Plaintiffs pleaded that Melbourn owed them a duty to protect them at the lake from Hatyina's actions when she knew or should have known of his impairment and of his decision to operate the boat at an unsafe speed. Through the pleadings and the reasonable inferences therefrom, plaintiffs have sufficiently pleaded allegations reflecting that Melbourn was a contributing tortfeasor whose encouragement of Hatyina's negligent conduct in operating the boat constituted substantial assistance and was a proximate cause of Antonio's death. Accordingly, the trial court erred when it found otherwise.

¶ 35    Melbourn relies on *Charles v. Seigfried*, 165 Ill. 2d 482 (1995), in support of her argument that liability should be precluded for injuries arising from another's intoxication. Melbourn's reliance on *Charles* is misplaced; we need not present a discussion of its inapplicability, as the *Simmons* court has previously done so. See *Simmons*, 236 Ill. 2d at

467-73. As the *Simmons* court expressed, "[a]lthough one does not have a duty to prevent the criminal acts of a third party, one does have a duty to refrain from assisting and encouraging such tortious conduct." *Id.* at 476. We decline to depart from the rationale and holding of *Simmons*.

¶ 36    Melbourn argues that plaintiffs failed to allege any specific facts to trigger liability. However, unlike a complaint for common-law fraud, which "must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made" (*Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496-97 (1996)), there is no such specificity requirement for the cause of action presented here.

¶ 37    Rather, the purpose of pleadings is to present, define, and narrow the issues and limit the proof needed at trial. *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 307 (1981). Pleadings are intended not to erect barriers to a trial on the merits but instead to remove them and facilitate the trial. *Id.* The object of pleadings is to produce an issue asserted by one side and denied by the other so that a trial can determine the actual truth. *Id.* at 307-08 (citing *Fleshner v. Copeland*, 13 Ill. 2d 72, 77 (1958)). In determining whether a cause of action has been stated, we must consider the whole complaint, rather than taking a myopic view of a disconnected part. *Stenwall v. Bergstrom*, 398 Ill. 377, 383 (1947).

¶ 38    The degree of specificity required to sufficiently plead a cause of action in any case is difficult to determine and is dependent upon the individual circumstances of each case. For example, in *Simmons*, there were a number of employees at the club who observed Homatas's state of impairment, and then a number of employees who assisted Homatas in retrieving his vehicle, placing him in the driver's seat, and directing him to drive. See *Simmons*, 236 Ill. 2d at 475-78. In *Sanke*, there were four individuals in one vehicle: Sanke (in the backseat), Schwartz (driving), Bechina (in the front passenger seat), and another individual (in the backseat with Sanke). In both *Simmons* and *Sanke*, there were various witnesses who observed, heard, or were otherwise present when the defendants were allegedly acting in concert with the tortfeasors. In the present case, there were only two individuals in the boat that killed Antonio Borcia: Melbourn and Hatyina, and no other known sensory witness during the relevant time period. Because in *Simmons* and *Sanke* there were more individuals who witnessed, participated in, or survived the accidents, there were more opportunities to obtain more specific factual allegations than in the present case. Plaintiffs in the present case should not be foreclosed from bringing a cause of action based on an in-concert theory of liability against Melbourn due to a lack of sensory witnesses other than the two individuals in the boat that killed Antonio. To hold otherwise would be contrary to justice and the purpose of section 2-615 of the Code. See *Fahner*, 88 Ill. 2d at 307.

¶ 39    Although Melbourn characterizes plaintiffs' allegations as "conclusions," it is clear that most are presented as inferences from the pleaded facts. Black's Law Dictionary defines "inference" as "[a] conclusion reached by considering other facts and deducing a logical consequence from them." Black's Law Dictionary 793 (8th ed. 2004). Black's Law Dictionary defines a "legal conclusion" as "[a] statement that expresses a legal duty or result but omits the facts creating or supporting the duty or result." *Id.* at 912. Therefore, despite Melbourn's assertion that the only well-pleaded fact was that she provided intoxicating substances to Hatyina, plaintiffs presented allegations with proper inferences sufficient to survive a section 2-615 dismissal motion. Plaintiffs will still bear the burden of proof with

respect to the elements of their claim (see 740 ILCS 180/0.01 *et seq.* (West 2012)); our holding today recognizes only the sufficiency of plaintiffs' allegations *vis-à-vis* the in-concert theory of liability under section 876 of the Restatement (Second) of Torts.

¶ 40    In so holding, we recognize, as our supreme court did in *Simmons*, that the provision of intoxicating substances to another does not, in and of itself, establish in-concert liability. See *Simmons*, 236 Ill. 2d at 471-73. We also recognize, as we did in *Sanke*, that the assistance or participation by a defendant might be so slight that the defendant is not ultimately liable for the act of the other. See *Sanke*, 216 Ill. App. 3d at 965-66. However, a section 2-615 motion does not require plaintiffs to prove their case at this juncture, and plaintiffs' allegations are sufficient to show that liability might attach. Thus, we need not, and should not, decide at this stage of the litigation whether any inaction (such as failing to warn Hatyina or plaintiffs) or action (such as telling Hatyina to stay parked in the marina) breached a duty.

¶ 41    With respect to count VII, plaintiffs contend that the trial court erred when it granted Melbourn's motion to dismiss. Plaintiffs argue that they pleaded sufficient facts regarding Erin's presence in the zone of danger to survive dismissal. We agree.

¶ 42    Having determined that plaintiffs' complaint sufficiently alleged that liability might attach to Melbourn, we need review only whether the remaining allegations of count VII state a cause of action for negligent infliction of emotional distress pertaining to Erin.

¶ 43    Negligent infliction of emotional distress is a recognized cause of action in Illinois. See *Seitz v. Vogler*, 289 Ill. App. 3d 1029 (1997). To state a cause of action for negligent infliction of emotional distress, a plaintiff must allege facts establishing that she suffered a direct impact that caused emotional distress (see *Corgan v. Muehling*, 143 Ill. 2d 296, 312 (1991)) or that she was a bystander in a zone of physical danger that caused her to fear for her own safety and that she suffered physical injury or illness as a result of her emotional distress (see *Rickey v. Chicago Transit Authority*, 98 Ill. 2d 546, 555 (1983)). To have been within the "zone of physical danger," the plaintiff must have been "in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact." *Id.*

¶ 44    "Basically, under [the zone-of-physical-danger rule] a bystander who is in a zone of physical danger and who, because of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress. This rule does not require that the bystander suffer a physical impact or injury at the time of the negligent act, but it does require that he must have been in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact. The bystander, [in addition], must show physical injury or illness as a result of the emotional distress caused by the defendant's negligence." *Id.*; see also *Seitz*, 289 Ill. App. 3d at 1042 (holding that the plaintiff sufficiently pleaded a cause of action for negligent infliction of emotional distress; in a boating accident she was both a direct victim (who was physically injured) and a bystander (with respect to the death of her husband and the injury and threat of injury to her children)).

¶ 45    The pleadings allege that Erin was a bystander to, not a direct victim of, Melbourn's alleged negligence. Plaintiffs' complaint alleged that Melbourn's conduct of encouraging Hatyina to operate the boat at unsafe speeds while in a severely intoxicated state caused Erin to be in a zone of physical danger during the accident wherein she reasonably feared for her own safety, given the proximity to her brother on the lake and right after witnessing

Hatyina's boat strike and kill her brother. Plaintiffs' complaint also alleged that, by being in the zone of physical danger, Erin suffered physical injury and emotional distress, which resulted in the need for continued medical and psychological treatment and counseling.

¶ 46    Again, the question is whether plaintiffs adequately pleaded a cause of action for negligent infliction of emotional distress as a bystander. Under the above principles, we find that they did. Accordingly, we hold that the trial court erred when it dismissed count VII of plaintiffs' complaint.

¶ 47                                    III. CONCLUSION

¶ 48    For the reasons stated, we reverse the judgment of the circuit court of Lake County and remand for further proceedings consistent with this opinion.

¶ 49    Reversed and remanded.